IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| **MAXELL, LTD.,** | |
| **Plaintiff,** | Civil Action No. 5:19-cv-00036-RWS |
| **v.** | |
| **APPLE INC.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## AGREED PROTECTIVE ORDER
## REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS

Plaintiff Maxell, Ltd. ("Plaintiff") and Defendant Apple Inc. ("Defendant") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order").

1.   **PURPOSES AND LIMITATIONS**

(a)   Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case or any related appellate proceeding, and shall not be used directly or indirectly for any other purpose whatsoever.

(b)     The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a).  Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.  If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

2.     **DEFINITIONS**

(a)     "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

(b)     "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

(c)     For the purpose of this Protective Order only, "Patents-in-suit" means U.S. Patent Nos. 6,748,317 ("the '317 patent"); 6,580,999 ("the '999 patent"); 8,339,493 ("the '493 patent"); 7,116,438 ("the '438 patent"); 6,408,193 ("the '193 patent"); 10,084,991 ("the '991 patent"); 6,928,306 ("the '306 patent"); 6,329,794 ("the '794 patent"); 10,212,586 ("the '586 patent"); and 6,430,498 ("the '498 patent"), and any other patent asserted in this action, as well as any related patents, patent applications, provisional patent applications, continuations, and/or divisionals.

(d)     "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs.

(e)     "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

(f)     "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(g)     "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," as provided for in this Order. Protected Material shall not include:  (i) advertising materials that have been actually published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.

(h)     "Source Code" means computer code, scripts, assembly, binaries, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, and Computer Aided Design (CAD) files that describe the hardware design of any component.

3.    **COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

4.    **SCOPE**

(a)    The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b)    Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose.

(c)    Notwithstanding the provisions of this Order, any Producing Party may provide written consent permitting any Receiving Party to use the Producing Party's Protected Material in court or in any court filing.

(d)    This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

5.    **DURATION**

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

6.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)    Basic Principles.  All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue

proceedings, or any business or competitive purpose or function.  Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(b)      Patent Prosecution Bar.  Absent the written consent of the Producing Party, any person who receives one or more items designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" shall not be involved, directly or indirectly, in any of the following activities:  (i) advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending patent applications, specifications, claims, and/or responses to office actions, or otherwise affecting the scope of claims in patents or patent applications relating to the functionality, operation, and design of the technology pertaining to the subject matter of the Patents-in-suit, including but not limited to (a) providing navigation information for a portable terminal and allowing users of a portable terminal to share location information; (b) operating in different camera modes for capturing still images and video images by mixing or culling pixels; (c) providing an information processing device that uses a short-distance communication unit to perform an authentication process to allow a second communication unit to communicate with a display apparatus; (d) performing transmission power control in a CDMA system by controlling the amplifiers; (e) providing an information processing device that manages display/processing of content while providing video telephone functionality; (f) alerting a mobile device's user of an incoming signal by generating ringing sounds; (g) controlling power consumption in an information processing device based on priority of functions in the device; or (h) a wireless unlocking system for a mobile device using a separate registered mobile device, before any foreign or domestic agency, including the United States Patent and Trademark Office; and (ii) the acquisition of patents (including patent applications), or the rights to any such patents or patent applications with the right to sublicense,

(a) providing navigation information for a portable terminal and allowing users of a portable terminal to share location information; (b) operating in different camera modes for capturing still images and video images by mixing or culling pixels; (c) providing an information processing device that uses a short-distance communication unit to perform an authentication process to allow a second communication unit to communicate with a display apparatus; (d) performing transmission power control in a CDMA system by controlling the amplifiers; (e) providing an information processing device that manages display/processing of content while providing video telephone functionality; (f) alerting a mobile device's user of an incoming signal by generating ringing sounds; (g) controlling power consumption in an information processing device based on priority of functions in the device; or (h) a wireless unlocking system for a mobile device using a separate registered mobile device.  For sake of clarity, any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive another Party's Protected Material, may participate, supervise and assist in any and all proceedings before the U.S. Patent and Trademark Office related to the Party's Patents-in-suit, including without limitation *Inter Partes* Review (IPR) proceedings, even if they have received the other Party's Protected Material, provided that they do not participate or assist in any claim drafting or amendment of claims in such proceedings.  These prohibitions shall begin when access to "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" materials are first received by the affected individual, and shall end two (2) years after the final resolution of this action, including all appeals.

(c)     Secure Storage, No Export. Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order.  Certain Protected

Material may be subject to laws and regulations relating to the export of technical data contained therein, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. *See, e.g.,* 15 CFR 734.2. The Producing Party shall identify material that may be subject to export control regulations ("Export Control Material"), as described in 15 CFR 734.2 and the Commerce Control List.  No Export Control Material may leave the territorial boundaries of the United States of America or be made available to any foreign national who is not (i) lawfully admitted for permanent residence in the United States or (ii) identified as a protected individual under the Immigration and Naturalization Act (8 U.S.C. 1324b(a)(3)). Without limitation, this prohibition extends to Export Control Material (including copies) in physical and electronic form. The viewing of Export Control Material through electronic means outside the territorial limits of the United States of America is similarly prohibited. The restrictions contained within this paragraph may be amended through the consent of the producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations. Notwithstanding the foregoing, to the extent that a Producing Party of Expert Control Material makes a witness available for deposition outside the United States, the deposing party may, to the extent permitted by law, transport (subject to the restrictions set forth in this Protective Order) such Party's Export Control Material reasonably necessary for the deposition and may use the Export Control Materials at the deposition. Should the Receiving Party not be able to use the Export Control Materials at the deposition due to any export control regulations of the constructions of this Order, the Producing Party will make the witness available for deposition in the United States.

(d)     <u>Legal Advice Based on Protected Material</u>. Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in

whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

(e)     Limitations.  Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material.  Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court.

7.     **DESIGNATING PROTECTED MATERIAL**

(a)     Available Designations.  Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein:  "CONFIDENTIAL," "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE."

(b)     Written Discovery and Documents and Tangible Things.     Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Civil Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 7(a) may be so designated by placing the appropriate designation on every page of the written material prior to production.  For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were

contained.    In the event that original documents are produced for inspection, the original documents shall be presumed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the inspection and re-designated, as appropriate during the copying process.

(c)    Native Files.  Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains    "CONFIDENTIAL,"  "CONFIDENTIAL - ATTORNEYS' EYES ONLY,"  or "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE," material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to Paragraph 12, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.  If a Party has used a .tiff, .pdf, or other image format version of a document produced in native file format, such Party must (1) note that the image format version accurately represents the natively-produced document and no information was altered in, hidden by, or eliminated by creating the image format version, or (2) indicate that the image format version is annotated or otherwise amended.

(d)    Depositions and Testimony.

(i)    Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony is designated within thirty (30) days of receipt of the transcript of the testimony.  If no indication on

the record is made, all information disclosed during a deposition shall be deemed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed.  Any Party that wishes to disclose the transcript, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential.  Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material.  In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties."

(ii)    Nothing contained herein shall be construed to prejudice any Party's right to use any Protected Material in taking testimony at any deposition or hearing provided that the Protected Material is only disclosed to a person(s) who is: (i) identified in the Protected Material as an author, addressee, or copy recipient of such information; (ii) although not identified as an author, addressee, or copy recipient of such Protected Material, is shown through foundational testimony to have received such Protected Material; or (iii) is entitled hereunder to access to Protected Material. Protected Material shall not be disclosed to any other persons unless

prior authorization is obtained from counsel representing the Producing Party or from the Court. Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), and the translator (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

8. **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

(a)     A   Producing   Party   may   designate   Discovery   Material   as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

(b)     Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)     The Receiving Party's Outside Counsel, such counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)     Not more than three (3) representatives of the Receiving Party who are officers or employees of the Receiving Party, who may be, but need not be, in-house counsel for the Receiving Party, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for this case, provided that:  (a) each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iii)     Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; (c) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

(iv)     Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v)     The Court, jury, and court personnel;

(vi)     Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vii)     Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(viii)     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(ix)     Any other person with the prior written consent of the Producing Party.

9.      **<u>DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u>**

(a)     A Producing Party may designate Discovery Material as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party.  The Parties agree that the following information, if non-public, shall be presumed to merit the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation:   trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity. For sake of clarity, this presumption does not relieve a Producing Party of its obligation to designate such material "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in order to receive the protections granted by this Order, subject to the provisions of Paragraph 17.

(b)     Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

(i)      The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)     Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work;

**AGREED PROTECTIVE ORDER – PAGE 13**

and provided that:  (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; (d) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction; and (e) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below;

      (iii)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

      (iv)    The Court, jury, and court personnel;

      (v)    Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

      (vi)    In addition, a Party may disclose arguments and materials derived from Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to mock jurors who have first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A.  A Party may not disclose to mock jurors any original, as-produced materials or information (including, for example, documents, deposition testimony, or interrogatory responses) produced by another Party designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY;"

(vii)    Any shadow juror retained by a Party for use solely during trial, provided that: (a) such shadow juror has first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such shadow juror is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party; (c) such shadow juror is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below.

(viii)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(ix)    Any other person with the prior written consent of the Producing Party.

10.    **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE"**

(a)    A Producing Party that produces Source Code may designate the Source Code as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" if it comprises or includes confidential, proprietary, and/or trade secret Source Code.

(b)    Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be subject to the provisions set forth in Paragraph 11 below, and may be disclosed, subject to Paragraph 11 below, solely to:

(i)     The Receiving Party's Outside Counsel, provided that such Outside

Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*,

730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such

Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support

services working at the direction of such counsel, paralegals, and staff;

(ii)     Any outside expert or consultant retained by the Receiving Party to

assist in this action, provided that disclosure is only to the extent necessary to perform such work;

and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the

Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current

officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time

of retention to become an officer, director or employee of a Party or of a competitor of a Party; (c)

such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel

v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of

a Party; and (d) no unresolved objections to such disclosure exist after proper notice has been given

to all Parties as set forth in Paragraph 12 below;

(iii)     Court reporters, stenographers and videographers retained to record

testimony taken in this action;

(iv)     The Court, jury, and court personnel;

(v)     Graphics, translation, design, and/or trial consulting personnel,

having first agreed to be bound by the provisions of the Protective Order by signing a copy of

Exhibit A;

(vi)     Any shadow juror retained by a Party for use solely during trial ,

provided that: (a) such shadow juror has first agreed to be bound by the provisions of the Protective

Order by signing a copy of Exhibit A; (b) such shadow juror is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party; (c) such shadow juror is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 12 below.

(vii)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(viii)    Any other person with the prior written consent of the Producing Party.

11.    **DISCLOSURE AND REVIEW OF SOURCE CODE**

(a)    Any Source Code that is produced by Plaintiff shall be made available for inspection in electronic format at the Washington, D.C. office of its outside counsel, Mayer Brown LLP, 1999 K Street, N.W., Washington, D.C. 20006, or any other location mutually agreed by the Parties.  Any Source Code that is produced by Apple Inc. will be made available for inspection at the San Francisco office of its outside counsel, O'Melveny & Myers LLP, Two Embarcadero Center, 28th Floor, San Francisco, CA 94111, or any other location mutually agreed by the Parties. Source Code will be made available for inspection between the hours of 8 a.m. and 6 p.m. on business days (i.e., weekdays that are not Federal holidays), although the Parties will be reasonable in accommodating reasonable requests to conduct inspections at other times.

(b)     Prior to the first inspection of Source Code at the Producing Party's outside counsels' offices as set forth in the preceding paragraph, the Receiving Party shall provide twenty-one (21) days' notice of its intent to inspect.  The Receiving Party shall provide two (2) business days' notice prior to any additional inspections.

(c)     Source Code that is designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

(i)     All Source Code shall be made available by the Producing Party to the Receiving Party's outside counsel and/or experts in a secure room on two secured computers without Internet access or network access to other computers and on which all access ports have been disabled (except for one printer port), as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computers" in the "Source Code Review Room"). The Producing Party shall explain to the Receiving Party how to start and log on to the Source Code Computers in order to access the produced Source Code. The Source Code Computers shall be loaded with a reasonably current version of the MAC operating system, i.e., at least Mac OS version 10.12,. The Producing Party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the Producing Party's business.  The Receiving Party's outside counsel and/or experts may request that commercially available software tools[1] for viewing and searching Source Code be installed

---

[1] The software tools shall include at a minimum, the following: SciTools Understand, UltraEdit, Adobe Acrobat Reader, and a non-compiling version of Xcode.

on the secured computer, provided, however, that (a) the Receiving Party possesses or obtains for the Producing Party an appropriate license to such software tools; (b) the Producing Party approves such software tools, which approval shall not be unreasonably withheld; and (c) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein.  The Receiving Party must provide the Producing Party with instructions or means for installation of such licensed software tool(s) at least ten (10) business days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer. The provided Source Code Computers shall be MacBook Pros (15 inch) that are no more than 3 years old. The Source Code Computers shall be located in a secure room in Outside Counsel's office.

(ii)     No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room.

(iii)     The Receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer.

(iv)     The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review in the Source Code Review Room, but only to ensure that no unauthorized electronic records of the Source Code and no information concerning the Source Code are being created or transmitted in any way.

(v)     No copies of all or any portion of the Source Code may leave the Source Code Review Room except as otherwise provided herein.  Further, no other written or

electronic record of the Source Code is permitted except as otherwise provided herein.  The Producing Party shall make available a laser printer with commercially reasonable printing speeds for on-site printing during inspection of the Source Code.  The Receiving Party may print limited portions of the Source Code that are reasonably necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report) or for use at deposition or trial. Any printed portion that consists of more than ten (10) pages of a continuous block of Source Code shall not be allowed unless otherwise agreed to by the Parties, whose reasonable request for agreement shall not be denied.  The Receiving Party may print out no more than 250 pages total unless otherwise agreed to by the Parties where the Receiving Party has demonstrated a reasonable need for additional pages.  The Receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to someone on behalf of the Receiving Party reviewing that Source Code electronically on the Source Code Computer first.  The Parties acknowledge and agree that (a) the purpose of the protections herein would be frustrated by printing portions of code for which no substantive review was performed on the Source Code Computer and for which the first substantive review performed by anyone on behalf of the Receiving Party was conducted on the printed copies and (b) printing is permitted only when necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report).]  Upon printing any such portions of Source Code, the printed pages shall be collected by the Producing Party.  The Producing Party shall Bates number, copy, and label "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" any pages printed by the Receiving Party.  Within five (5) business days, the Producing Party shall either (i) provide one copy set of such pages to the Receiving Party or (ii) inform the Receiving Party that it objects that the printed portions are excessive and/or not done for a permitted purpose.  If, after

meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall be entitled to file a Motion for Further Protection with the Court within five (5) business days of the objection to resolve whether the printed Source Code in question is narrowly tailored and was printed for a permitted purpose.  Failure to file within this period requires immediate production of the disputed material. The burden shall be on the Producing Party to demonstrate that such printed portions are more than is reasonably necessary for a permitted purpose.  The printed pages shall constitute part of the Source Code produced by the Producing Party in this action.

(vi)    All persons who will review a Producing Party's Source Code on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party at least five (5) days in advance of the first time that such person reviews such Source Code.  Such identification shall be in addition to any other disclosure required under this Order.  All persons viewing Source Code in the Source Code Review Room shall sign on each day they view Source Code a log, maintained by the Producing Party, that will include the names of persons who enter the Source Code Review Room to view the Source Code and when they enter and depart.

(vii)    Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done in the Source Code Review Room under this Order, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room.  The Producing Party shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect.  Proper identification of all

authorized persons shall be provided prior to any access to the secure room or the computer containing Source Code.  Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the Source Code Review Room or the Source Code Computer may be denied, at the discretion of the Producing Party, to any individual who fails to provide proper identification.

(viii)    Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device.  The Receiving Party will not transmit any Source Code in any way, except as provided in paragraph 11(c)(xii), from the Producing Party's facilities or the offices of its Outside Counsel, including specifically from the Source Code Review Room.

(ix)      The Receiving Party's outside counsel of record may make no more than four (4) additional paper copies of any portions of the Source Code received from a Producing Party pursuant to Paragraph 11(c)(v), not including copies attached to court filings or used at depositions, and shall maintain a log of all paper copies of the Source Code.  The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored.  Upon one (1) day's advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party.

(x)       The Receiving Party's outside counsel of record and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code,

including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use. The Receiving Party may also temporarily keep the printouts or photocopies at the following locations provided that at all times the source code is kept, maintained and stored securely, i.e., in a locked room, cabinet, or briefcase under the control of the Receiving Party: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) a secure facility used by counsel for the Receiving Party to prepare for any proceeding(s) relating to the Source Code Material; (iii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iv) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition).  Access to any copies of Source Code shall be limited to Outside Counsel who have filed appearances in this action; persons described in Paragraphs 10(b)(iii-vi) provided that disclosure is only to the extent necessary and that such persons have been approved to access such Protected Materials pursuant to Paragraph 10(b); and up to ten (10) outside consultants or experts retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 10(b)(ii) above (except insofar as such code appears in any court filing or expert report).

(xi)    For depositions, the Receiving Party shall not bring copies of any printed Source Code.  Rather, at least two (2) business days before the date of the deposition, the Receiving Party shall notify the Producing Party about the specific portions of Source Code it wishes to use at the deposition, and the Producing Party shall bring printed copies of those portions to the deposition for use by the Receiving Party.  Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. All paper copies of

Source Code brought to the deposition shall remain with the Producing Party's outside counsel for secure destruction in a timely manner following the deposition.

(xii)    A Producing Party's Source Code may only be transported by the Receiving Party at the direction of a person authorized under paragraph 10 above to another person authorized under sub-paragraph 11(x) above, on paper via hand carry.[2] Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet, except to the extent permitted in sub-paragraph 11(xiii).

(xiii)    Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code).  Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible.  If a Party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court or demonstrative for live use before the Court or jury, the Receiving Party (a) may not include any single excerpt of more than twelve (12) contiguous lines of code in such filing or demonstrative, and (b) for live use before the Court[3], will notify the Producing Party at least one hour before any such live use so that the Producing Party may take reasonable steps to protect the

---

[2] In the event the Producing Party is unable to provide printed copies to the Receiving Party's source code reviewer(s) at the time of the review, the Producing Party, at its burden and expense, shall provide copies to the Receiving Party.

[3] The Parties expect to negotiate trial disclosure requirements and schedules, including for demonstratives to be used with the jury, as part of the pretrial process and can address use of Source Code in the context of those requirements.

**AGREED PROTECTIVE ORDER – PAGE 24**

732788077.1

confidentiality of the Source Code.  If a Producing Party agrees to produce an electronic copy of all or any portion of its Source Code or if an electronic or any other copy needs to be made for a Court filing or presentation, access to the Receiving Party's submission, communication, and/or disclosure of electronic files or other materials containing any portion of Source Code (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this Order.  Where the Producing Party has provided the express written permission required under this provision for a Receiving Party to create electronic copies of Source Code, the Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored.  Additionally, any such electronic copies must be labeled "CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" as provided for in this Order.

12.     **NOTICE OF DISCLOSURE**

(a)     Prior to disclosing any Protected Material to any person described in Paragraphs 9(b)(vii) or 10(b)(vi) (referenced below as "Shadow Juror"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes:

(i)     the name of the Shadow Juror;

(ii)     the present employer and title of the Shadow Juror;

(iii)     an identification of the Shadow Juror's past and current relationships with any Party, if any; and

(iv)    such other information regarding the Shadow's Juror's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the Shadow Juror.

(b)    Prior to disclosing any Protected Material to any person described in Paragraphs 8(b)(ii), 8(b)(iii), 9(b)(ii), or 10(b)(ii) (referenced below as "Person"), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes:

(i)    the name of the Person;

(ii)    an up-to-date curriculum vitae of the Person;

(iii)    the present employer and title of the Person;

(iv)    an identification of the Person's past and current employment and consulting relationships, including direct relationships and relationships through entities owned or control by the Person;

(v)    a statement of whether the Person has ever been retained by the other Party in this case;

(vi)    an identification of all pending patent applications on which the Person is named as an inventor, in which the Person has any ownership interest, or as to which the Person has had or anticipates in the future any involvement in advising on, consulting on, preparing, prosecuting, drafting, editing, amending, or otherwise affecting the scope of the claims; and

(vii)    a list of the cases in which the Person has testified at deposition or trial within the last four (4) years, including an identification of all parties who retained the Person for such cases.

Further, the Party seeking to disclose Protected Material shall provide such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the outside expert or consultant.  During the pendency of this action, the Party seeking to disclose Protected Material shall immediately provide written notice of any change with respect to the Person's involvement in the design, development, operation or patenting of technology pertaining to the subject matter of the Patents-in-suit, including but not limited to (a) providing navigation information for a portable terminal and allowing users of a portable terminal to share location information; (b) operating in different camera modes for capturing still images and video images by mixing or culling pixels; (c) providing an information processing device that uses a short-distance communication unit to perform an authentication process to allow a second communication unit to communicate with a display apparatus; (d) performing transmission power control in a CDMA system by controlling the amplifiers; (e) providing an information processing device that manages display/processing of content while providing video telephone functionality; (f) alerting a mobile device's user of an incoming signal by generating ringing sounds; (g) controlling power consumption in an information processing device based on priority of functions in the device; or (h) a wireless unlocking system for a mobile device using a separate registered mobile device, or the acquisition of intellectual property assets relating to technology pertaining to the subject matter of the Patents-in-suit, including but not limited to (a) providing navigation information for a portable terminal and allowing users of a portable terminal to share location information; (b) operating in different camera modes for capturing still images and video images by mixing or culling pixels; (c) providing an information processing device that uses a short-distance communication unit to perform an authentication process to allow a second

**AGREED PROTECTIVE ORDER – PAGE 27**
732788077.1

communication unit to communicate with a display apparatus; (d) performing transmission power control in a CDMA system by controlling the amplifiers; (e) providing an information processing device that manages display/processing of content while providing video telephone functionality; (f) alerting a mobile device's user of an incoming signal by generating ringing sounds; (g) controlling power consumption in an information processing device based on priority of functions in the device; or (h) a wireless unlocking system for a mobile device using a separate registered mobile device.

(c)     Within ten (10) days of receipt of the disclosure of the Person, the Producing Party or Parties may object in writing to the Person for good cause. In the absence of an objection at the end of the ten (10) day period, the Person shall be deemed approved under this Protective Order. There shall be no disclosure of Protected Material to the Person prior to expiration of this ten (10) day period. If the Producing Party objects to disclosure to the Person within such ten (10) day period, the Parties shall meet and confer via telephone or in person within five (5) days following the objection and attempt in good faith to resolve the dispute on an informal basis. If the dispute is not resolved, the Party objecting to the disclosure will have five (5) days from the date of the meet and confer to seek relief from the Court. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. If relief is sought, designated materials shall not be disclosed to the Person in question until the Court resolves the objection.

(d)     For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order.

(e)    Prior to receiving any Protected Material under this Order, the Person must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and serve it on all Parties.

(f)    Even if a Party does not object initially to a Person under this Paragraph 12, that Party may later object to continued access by that Person for good cause based on some change in the information about the Person disclosed under this Paragraph 12 or additional, material information discovered.  If an objection is made, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute informally.  If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court.  The designated Person may continue to have access to information that was provided to such Person prior to the date of the objection.  If a later objection is made, no further Protected Material shall be disclosed to the Person until the Court resolves the matter or the Producing Party withdraws its objection. Notwithstanding the foregoing, if the Producing Party fails to move for a protective order within seven (7) business days after the meet and confer, further Protected Material may thereafter be provided to the Person.

13.    **CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

(a)    A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)    Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated,

and shall state the grounds for the objection.  Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)　　The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.  The Producing Party shall have the burden of justifying the disputed designation;

(ii)　　Failing agreement, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation.  The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)　　Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

14.　　**SUBPOENAS OR COURT ORDERS**

(a)　　If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to counsel of every Party who has produced such Discovery Material (or, if no counsel has been used for this case, the Party directly) and shall

provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

15.    **FILING PROTECTED MATERIAL**

(a)    Absent written permission from the Producing Party or a court Order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Material.

(b)    Any Party is authorized under E.D. Tex. Local Rule 5(a)(7) to file under seal with the Court any brief, document or materials that are designated as Protected Material under this Order.  However, nothing in this section shall in any way limit or detract from this Order's requirements as to Source Code.

16.    **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

(a)    The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b)    Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

(c)     Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

17.   **INADVERTENT FAILURE TO DESIGNATE PROPERLY**

(a)     The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties.  Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

(b)     A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order. Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material (subject to the exception in Paragraph 17(c) below) at the appropriately designated level pursuant to the terms of this Order.

(c)     Notwithstanding    the    above,    a    subsequent    designation    of "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL

– ATTORNEYS' EYES ONLY – SOURCE CODE" shall apply on a going forward basis and shall not disqualify anyone who reviewed "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" materials while the materials were not marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" from engaging in the activities set forth in Paragraph 6(b).

18. **INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

(a)     In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made

(b)     Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

19. **FINAL DISPOSITION**

(a)     Not later than ninety (90) days after the Final Disposition of this case, each Party shall return all Discovery Material of a Producing Party to the respective outside counsel of the Producing Party or destroy such Material, at the option of the Producing Party.  For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

(b)     All Parties that have received any such Discovery Material shall, upon the Producing Party's request, certify in writing that all such materials have been returned to the respective outside counsel of the Producing Party or destroyed.  Notwithstanding the provisions for return of Discovery Material, outside counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document productions) for archival purposes, but must return or destroy any pleadings, correspondence, and consultant work product that contain Source Code.

20.     **DISCOVERY FROM EXPERTS OR CONSULTANTS**

(a)     Absent good cause, drafts of reports of testifying experts, and reports and other written materials, including drafts, of consulting experts, shall not be discoverable.

(b)     Reports and materials exempt from discovery under the foregoing Paragraph shall be treated as attorney work product for the purposes of this case and Protective Order.

21.     **MISCELLANEOUS**

(a)     Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)     Termination of Matter and Retention of Jurisdiction.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of the above-captioned matter.  The Court shall retain jurisdiction after Final Determination of this matter to hear and resolve any disputes arising out of this Protective Order.

(c)     Successors.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)     Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e)     Burdens of Proof.  Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(f)     Modification by Court.  This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice. The United States District Court for the Eastern District of Texas is responsible for the interpretation and enforcement of this Order.  All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Eastern District of Texas.

(g)    <u>Discovery Rules Remain Unchanged</u>.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Eastern District of Texas, or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Eastern District of Texas, or the Court's own orders.

**SO ORDERED.**

    **SIGNED this 2nd day of July, 2019.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE

## EXHIBIT A

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in *Maxell, Ltd. v. Apple Inc.*, United States District Court, Eastern District of Texas, Texarkana Division, Civil Action No. 5:19-cv-00036-RWS. Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address: _____

Dated: _____

_____
[Signature]