**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | |
|---|---|
| **MAXELL, LTD.,** | |
| **Plaintiff,** | |
| **vs.** | Civil Action No. 5:19-cv-00036-RWS |
| **APPLE INC.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## DEFENDANT APPLE INC.'S RESPONSE TO MAXELL LTD.'S MOTION TO COMPEL

Maxell's motion runs roughshod over the law and the record and rejects out-of-hand Apple's good-faith attempts to address the parties' disputes.  It exposes Maxell's disregard for the local rules and reduces the meet-and-confer process to a box-checking exercise by giving the back of Maxell's hand to Apple's compromise offers, ignoring controlling precedent—including from this Court, and asking the Court to order Apple to provide information it already has provided (or agreed to provide).  Maxell also raises disputes that the parties never previously discussed, a clear violation of L.R. CV-7(h).  The only dispute that has matured to an impasse is Maxell's attempt to impose an arbitrary deadline for the production of ***all relevant documents in this case***, that Maxell has not abided by itself, and that is without any basis in the local rules, this Court's orders, or this District's practice.  Apple has consistently advised Maxell the status of Apple's production of the requested document categories.  With over ***seven months*** left in fact discovery, Maxell's aspersions of "prejudice" ring hollow and are without explanation or basis.

With respect to Maxell's broad, compound, and cumulative interrogatories, Apple already confirmed in correspondence that it would, as a compromise, supplement several of its responses.  Indeed, as of the date of this opposition, Apple has now done.  Maxell nonetheless rushed to file its motion before receiving the responses, confirming it is not interested in the substance, but only in instigating an unnecessary and wasteful discovery dispute.

**Maxell's Request to Impose an Arbitrary Document Production Deadline:**  Maxell's argument that July 10 was the deadline for Apple to have *completely* produced *all* documents in this case is baseless and unreasonable.  Paragraph 3(b) of the Discovery Order (1) eliminates the need for Requests for Production and (2) defines the scope of what must be produced.  D.I. 42 at 2-3.  No court in this district has ever interpreted the Paragraph 3(b) date as a deadline to *complete* document production, and Maxell's motion cites none.  Indeed, that there is a later date for Apple

to complete its P.R. 3-4 technical production confirms that the Additional Disclosure date cannot require Apple to complete its *entire* production.  And in cases where courts in this district set a deadline for the substantial completion of production, that date is months after the Paragraph 3(b) date.[1]  As former Chief Judge Davis explained, the date for Additional Disclosures is when the parties "shall begin" a "rolling document production to be substantially completed" later.  *Soverain Software LLC v. Oracle Corp.*, No. 6:12-cv-00141-LED, D.I. 66 at 7 (E.D. Tex. Oct. 30, 2012).

Unsurprisingly, Maxell provided no authority supporting its novel interpretation of the Court's order during the meet-and-confer process.  Illustrating the unreasonableness (and arbitrariness) of its position, Maxell confirmed during the meet-and-confer that it expected Apple to produce all technical documents on July 10, despite the separate, August 14 deadline for production of technical documents in compliance with P.R. 3-4 (*see* D.I. 46 at 8).  Moreover, Maxell itself has not even complied with the interpretation it seeks to impose on Apple.  Maxell's representation to the Court that it "substantially completed its production on July 10, excepting documents needing third party consent" is false.  D.I. 56 at 1 n.1.  On July 29, Maxell produced nearly 400 pages of its own pre-suit communications with Apple: documents clearly within Maxell's possession that should have been collected and readied for production when it filed its complaint.  Maxell's own failure to meet the alleged July 10 deadline highlights its hypocrisy.

In any event, Apple has complied fully with the Discovery Order by diligently collecting and producing documents.  Maxell's motion mentions only Apple's initial July 10 production, but withholds the fact that Apple made additional productions on July 18, July 26, and August 2 (and has continued since).  To date, Apple has produced over 775,000 pages of documents and made

---

[1] *See, e.g. Tessera Advanced Techs., Inc. v. Samsung Elecs. Co., Ltd.*, No. 2:17-CV-0671-JRG, D.I. 46 at 4 (E.D. Tex. Feb. 20, 2018) (setting the "Deadline to Substantially Complete Document Production" six months after the Paragraph 3(b) Initial & Additional Disclosure date).

available for inspection nearly 700,000 source code files, and its productions continue.  Maxell also withholds from the Court Apple's offer of compromise—made before Maxell filed its motion—that it would produce financial data on August 14.  *See* Ex. A at 2.  Apple has now produced such data.  Maxell has not explained ***how*** Apple's expedient productions are supposedly prejudicial, nor has it identified any missing documents that impede its preparation.  There is no need for an arbitrary deadline for Apple to "substantially complete" its production, as Apple is already acting in a diligent and reasonable manner consistent with local practice in this District.

**Interrogatory Nos. 2, 7, and 8 (Premature Noninfringement Opinions):**  Willfully ignoring direct precedent of which Apple made Maxell aware during the meet-and-confer process (Ex. A at 3), Maxell moves to compel Apple's noninfringement contentions despite this Court's unambiguous holding that these types of interrogatories are not permitted.  *Papst Licensing GmbH & Co., KG v. Apple, Inc.*, No. 6:15-CV-01095-RWS, D.I. 388 (E.D. Tex. Jun. 16, 2017) (denying a motion to compel a response describing the "factual basis for [Defendant's] counterclaims and defenses of noninfringement," and noting that plaintiff "will be apprised of Defendant's noninfringement positions through the expert discovery process.").  It is not even a close question in this district.  *E.g., Huawei Techs. Co. Ltd. v. T-Mobile US, Inc.*, Case No. 2:16-cv-00052-JRG-RSP, Dkt. No. 337 at 1 (E.D. Tex. Aug. 25, 2017) (same).  Similarly, by seeking discovery into steps taken to avoid the alleged infringement or non-infringing alternatives, Maxell is prematurely demanding that Apple disclose expert opinions and take noninfringment positions before even knowing how the asserted claims will be construed.  *See, e.g., Promethean Insulation Tech. LLC v. Sealed Air Cop.*, No. 2:13-cv-1113-JRG-RSP, 2015 WL 11027038, at *2 (E.D. Tex. Oct. 13, 2015) ("A party is not entitled to obtain early disclosure of expert opinions via interrogatory.").  Maxell's interrogatories are improper, and its motion to compel responses should be denied.

**Interrogatory No. 3 (Licenses):**  Maxell filed its Motion despite Apple's agreement to supplement its response to this interrogatory.  *See* Ex. A at 3.  Apple is already diligently reviewing licenses to identify those that are relevant and to address third-party consent issues.  And Apple already informed Maxell that when this process is complete, Apple will produce the relevant licenses and timely supplement its response to this interrogatory to identify the production numbers.  Maxell provides no basis for demanding the completion of license production by early September, especially given that the parties have until March 2020 to complete depositions and April 2020 to complete opening expert reports.  Apple is already moving expediently and will produce licenses and supplement its interrogatory response without delay.

Maxell also moves to compel all license agreements "that pertain to the accused products, and information about how consideration was reached."  D.I. 56 at 4.  Maxell never raised this issue, either in correspondence or during the parties' telephonic conference—a clear violation of L.R. CV-7(h).  The Court should therefore exercise its discretion to decline to consider this new demand.  *See Motion Games, LLC v. Nintendo Co., Ltd.*, No. 6:12-CV-878-RWS-JDL, 2017 WL 2615436, at *2 (E.D. Tex. Jan. 4, 2017) (citing *Dreschel v. Liberty Mut. Ins. Co.*, No. 3:14-cv-162, 2015 WL 6865965, at *2 (N.D. Tex. Nov. 9, 2015)).  Even if considered, Maxell's demand is unreasonable and unsupported by the law.  The accused products in this case include six years of iPhones, iPads, iPods, Macs, and Apple Watches, all of which embody thousands of different features and technologies that change with each new version.  The scope of license discovery is limited to those that relate to the "technology in dispute."  *See Paltalk Holdings, Inc. v. Microsoft Corp.*, No. 2:06-CV-367-DF (E.D. Tex. Feb. 11, 2009); *see also ResQNet.com., Inc. v. Lansa, Inc.*, 594 F.3d 860, 870 (Fed. Cir. 2010) (faulting a district court for relying on licenses with "no relationship to the claimed invention," nor even a "discernible link to the claimed technology.")

Apple's production will include agreements relating to the accused technologies, but Apple should not have to produce every license that might implicate any feature whatsoever in an iPhone, Mac computer, or other accused product.  *Mirror Worlds Techs., LLC v. Apple, Inc.* does not hold otherwise—there, the plaintiff asked for all licenses reflecting a lump-sum payment over a specific amount.  No. 6:13-cv-419, 2016 WL 4265758, *1 (E.D. Tex. Mar. 17, 2016).  The Court did ***not*** hold that Apple had to produce ***all*** licenses that included rights that might potentially implicate the accused products, and indeed, there is no precedent for such a broad demand.  *Id*.

**Interrogatory No. 4 (Sales and Profits):**  During the July 30 teleconference, Apple told Maxell it would produce relevant financial data by August 14.  *See* Ex. A at 4.  As promised, Apple produced financial data on the units sold, revenues, and costs for the accused products.  Consistent with its interrogatory response, Apple did not produce the requested information regarding the "entities responsible for," the "customers of," or the "location of" sales or distribution.  Apple reiterated during the parties' conference that it would not provide this information, and Maxell did not ask for or explain why it allegedly needed it.  Because Maxell failed to comply with L.R. 7(h), the Court should decline to address Maxell's demand.  *See Motion Games*, 2017 WL 2615436, at *2.  Moreover, even if relevant, collecting this information would be unduly burdensome, not proportional to the needs of the case, and cumulative, as Apple has already produced information for its US sales.  *See, e.g.*, *Paradox Sec. Sys. Ltd. v. ADT Sec. Servs., Inc.*, No. 2:06-CV-462 (TJW) (E.D. Tex. Nov. 12, 2008) (denying a motion to compel "documents relating to the identity of all of defendants' U.S. customers and the sales associated with each U.S. customer").  Moreover, Apple has already produced and is continuing to produce information regarding the "operation, use, and marketing" of the accused products (D.I. 56 at 5).

**Interrogatory No. 5 (First Awareness of Patents-in-Suit):**  Maxell again misrepresents

Apple's position and fails to inform the Court that Apple agreed to supplement its response by August 14, after completing its review of voluminous pre-suit communications.  Ex. A at 4.  As promised, Apple served a supplemental response on August 14 that identifies documents and provides a narrative response.  Apple also produced hundreds of documents and communications reflecting the parties' negotiations—a substantial portion of which were produced before Maxell filed its motion, and some of which have not even been produced by Maxell.  As Maxell admits, the parties engaged in years of negotiations, and there is no basis to require Apple to provide a narrative response describing each action taken over that entire time period.  Maxell now has (to the extent it did not already have) the relevant information through Apple's response and document production.  Instead of waiting to review Apple's response and production, Maxell again rushed to Court with a motion seeking information it knew Apple already agreed to provide.

**Interrogatory No. 6 (Component Information):**   By moving on this issue, Maxell unabashedly asks the Court to compel—in a response to "one" interrogatory—four pieces of information for each of 21 different components for each of the 121 accused products.  This is *10,164 different pieces of information*.  Ex B.[2]  This interrogatory is improperly compound at best and oppressive at worst.  Rather than reveal the true scope of this request, Maxell attached to its Motion only a misleading "excerpt" of the interrogatory that shows less than 1.5% of the chart Maxell asks the Court to require Apple to complete.  *Compare* D.I. 56 at Ex. C with Ex. B.  Indeed, this interrogatory comprises at least 21 (and likely more) discrete interrogatories because it seeks answers to unrelated questions on unrelated accused components.  For example, the question seeking the identity of Apple's GPS chipset vendor "can be answered fully and completely without

---

[2] Apple is attaching a copy of the chart attached to Maxell's interrogatory no. 6 that Maxell demands Apple complete that has been scaled to single-page height.  If printed at normal size, the chart would violate the page requirements for this motion, as it stretches to **30** pages.

answering" the question seeking Apple's internal model number for its unrelated camera module. *See Krawczyk v. City of Dallas*, No. 3:03-cv-0584, 2004 U.S. Dist. LEXIS 30011, at *7 (N.D. Tex. Feb. 27, 2004); *see also Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, 315 F.R.D. 191, 196-97 (E.D. Tex. 2016) (warning against "allowing the multiplication of interrogatories to the point that it defeats the purposes underlying the 25-interrogatory limit"). Apple raised its concern and identified relevant case law during the parties' conference, but instead of responding, Maxell immediately declared an "impasse." Apple therefore properly declined to answer this compound interrogatory as written. Apple has not, however, withheld relevant information that is reasonably available—Apple has produced hundreds of Bill of Materials (BOM) and Cost Pub. documents from which Maxell can derive much of the requested component information.

**Interrogatory No. 9 (Forecasts):** The requested sales forecasts, to the extent they exist, are irrelevant and not proportional to the needs of the case, because Apple (1) produced financial data for actual sales, and (2) can provide supplemental discovery regarding sales extending beyond fact discovery. Maxell's only relevance argument is that it must estimate future damages. But Maxell can make such an estimate by extrapolating from past sales—indeed, this was expressly acknowledged by the *Ericsson* case cited in Maxell's motion. *See* D.I. 56 at 7. Further, there is no prejudice to Maxell not getting forecasts if Apple will itself not rely on them. Another court in this district denied a similar motion to compel on this precise basis. *See Droplets, Inc. v. Overstock.com, Inc.*, No. 2:11-cv-401-JRG-RSP, D.I. 220 at 1 (E.D. Tex. Aug. 25, 2014) (declining to compel production of "future sales projections" based on "Defendants' stipulation that they would not be permitted to utilize those documents at trial"). Apple would, of course, not unfairly rely on irrelevant documents that have not been produced to Maxell.

Dated: August 19, 2019                    Respectfully submitted,

                                          */s/ Luann L. Simmons*
                                          Luann L. Simmons (*Pro Hac Vice*)
                                          lsimmons@omm.com
                                          **O'MELVENY & MYERS LLP**
                                          Two Embarcadero Center
                                          28th Floor
                                          San Francisco, CA 94111
                                          Telephone: 415-984-8700
                                          Facsimile: 415-984-8701

                                          Xin-Yi Zhou (*Pro Hac Vice*)
                                          vzhou@omm.com
                                          Anthony G. Beasley (TX #24093882)
                                          tbeasley@omm.com
                                          **O'MELVENY & MYERS LLP**
                                          400 S. Hope Street
                                          Los Angeles, CA 90071
                                          Telephone: 213-430-6000
                                          Facsimile: 213-430-6407

                                          Laura Bayne Gore (*Pro Hac Vice*)
                                          lbayne@omm.com
                                          **O'MELVENY & MYERS LLP**
                                          Times Square Tower, 7 Times Square
                                          New York, NY 10036
                                          Telephone: 212-326-2000
                                          Facsimile: 212-326-2061

                                          Melissa R. Smith (TX #24001351)
                                          melissa@gilliamsmithlaw.com
                                          **GILLIAM & SMITH, LLP**
                                          303 South Washington Avenue
                                          Marshall, Texas 75670
                                          Telephone: (903) 934-8450
                                          Facsimile: (903) 934-9257

                                          ***Attorneys for Defendant Apple Inc.***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have

consented to electronic service are being served with a copy of this document via the Court's

CM/ECF system per Local Rule CV-5(a)(3) on August 19, 2019.

> */s/ Melissa R. Smith*
> Melissa R. Smith