# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | |
|---|---|
| MAXELL, LTD.,<br><br>    Plaintiff<br><br>  v.<br><br>APPLE INC.,<br><br>    Defendant. | Civil Action NO. 5:19-cv-00036-RWS<br><br>**JURY TRIAL DEMANDED** |

**APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO STAY PENDING DETERMINATION OF *INTER PARTES* REVIEW OF THE PATENTS-IN-SUIT**

**I.     INTRODUCTION**

Maxell's Opposition presents no factual or legal contradiction to the conclusion that a stay is plainly warranted. Maxell does not practice the Asserted Patents, and its opposition presents no *evidence* from which this Court could conclude that a stay would cause it any prejudice whatsoever. The case is still early—fact depositions are ongoing and trial is months away, and Maxell castigating Apple for COVID-19 delays, while irrelevant, is rich given that it was *Maxell* that asked to postpone depositions. And finally, even Maxell's IPR statistics show that at least some case simplification is nearly guaranteed. Thus, a stay is appropriate.

**II.    MAXELL WILL SUFFER NO UNDUE PREJUDICE OR TACTICAL DISADVANTAGE**

Maxell does not compete with Apple, nor does it allege it practices any Asserted Patent. D.I. 267, Opp. at 2. Because the parties would try whatever remains of Maxell's claims after IPR concludes, a stay would not "avoid a fair trial" as Maxell repeatedly asserts. *Id.* at 1, 3, 4, 6, 9, 13. The only way the parties would "avoid" a trial is if the PTAB invalidated all asserted claims—confirming a trial never should have occurred in the first place. Maxell baldly asserts that monetary damages are insufficient (*id.*), but it has not sought a preliminary injunction and has no basis to seek a permanent injunction; this "belie[s] its claims that it will be unduly prejudiced by a stay." *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318-20 (Fed. Cir. 2014). Maxell complains that a stay would prevent "timely enforcement" of its patent rights, but that excuse is "too generic" to defeat Apple's motion and avoid a stay. *Realtime Data, LLC v. Rackspace US, Inc.*, 2017 WL 772654, at *4 (E.D. Tex. Feb. 28, 2017).

Maxell's generic claim of "undue prejudice" is equally baseless and is unsubstantiated attorney argument that deserves no attention. *See, e.g.*, *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-CV-00011-RSP, 2016 WL 1162162, at *2 (E.D. Tex. Mar. 23, 2016)

1

("[a]bsent a showing of any specific prejudice" there is no "undue prejudice" preventing a stay); *Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1038 (N.D. Cal. 2015) (offering "nothing but attorney argument" will not establish "undue prejudice" defeating a stay); *Prime Focus Creative Servs. Canada Inc. v. Legend3D, Inc.*, No. CV-15-2340-MWF, 2015 WL 12746207, at *6 (C.D. Cal. Sept. 23, 2015) (staying case where plaintiff did not "substantiate its undue prejudice assertion with any evidence of the potential competitive injury"). Similarly, Maxell's unsubstantiated claim that its licensees will suffer prejudice also cannot defeat a stay. *Transocean Offshore Deepwater Drilling, Inc. v. Seadrill Am., Inc.*, No. CIV.A. H-15-144, 2015 WL 6394436, at *2-3 (S.D. Tex. Oct. 22, 2015) (rejecting argument that a stay would prejudice a patentee's licensees because patentee presented no evidence of such prejudice).

Maxell argues that Apple "unreasonabl[y] delay[ed]" its IPR filings, but this misrepresents the facts—Apple diligently prepared and filed all ten of its IPRs against the Asserted Patents. Apple only learned of Maxell's 90 originally-asserted claims in June 2019 and timely prepared its invalidity contentions for those claims by August 2019. As ordered by the Court, Maxell narrowed its claims to 40 in November 2019, and Apple then evaluated and identified prior art appropriate for IPR for each of those claims, engaged and coordinated with technical experts, and drafted and filed IPRs—all within four and a half months. This is simply not a record on which Maxell can credibly claim that it has suffered undue prejudice or tactical disadvantage. Opp. at 3-4, 8-9; *see also, e.g., Software Rights Archive, LLC v. Facebook, Inc.*, No. 12–3970, 2013 WL 5225522, at *6 (N.D. Cal. Sept. 17, 2013) (staying case where defendant filed IPRs four months after plaintiff identified asserted claims). Maxell has not otherwise identified, and cannot identify, any undue prejudice or tactical disadvantage from a stay. Thus, this factor favors a stay.

### III. THE PROCEEDINGS HAVE NOT REACHED AN ADVANCED STAGE AND DISCOVERY IS NOT YET COMPLETE

Contrary to Maxell's argument, the relevant time to measure the "stage of litigation" under this factor is the time Apple moved to stay, not some later point. *VirtualAgility*, 759 F.3d at 1316. At the time Apple filed its motion, fact depositions were ongoing, expert discovery had not begun, and trial was months away. Opp. at 5. By the time this motion is fully briefed, fact depositions will still be ongoing, expert discovery still will not have started, and trial still will be months away.

In its haste to repeat the tiresome trope about Apple's "discovery misconduct" and claim that it necessitated schedule changes, Maxell contradicts what it has already told the Court. It was Maxell that actually pressed to amend the schedule: it complained that "video depositions" were "all but impossible," and explained that travel restrictions on its counsel and experts necessitated the change. D.I. 231 at 4-5. Apple accommodated Maxell's request even though it believed these depositions could have proceeded remotely. *Id.* at 3-4. Maxell's accusation that Apple "manipulate[d] the schedule" is misplaced, at best, and misleading, at worst. Opp. at 6.

Relatedly, the resources Maxell has allegedly expended in the litigation are of no moment to this factor or to the Court's consideration of a stay. *See Versata Software, Inc. v. Callidus Software, Inc.*, 771 F.3d 1368 (Fed. Cir. 2014) ("the district court clearly erred in evaluating the burden-of-litigation factor exclusively through [a] backward-looking lens" as "[t]he correct test is one that focuses prospectively on the impact of the stay on the litigation, not on the past actions of the parties"). Maxell cannot be heard to complain about litigation expense when it was the party that brought this case and chose to assert an unreasonably large number of patents and claims against thousands of different combinations of products and software versions.

Notably, Maxell concedes that a stay now would avoid the parties' "exchang[ing] pretrial

3

disclosures and attend[ing] the hearing on dispositive motions" and making "significant expenditures on pre-trial preparation." Opp. at 6-7, 12-13.  Such voluminous work remaining actually *favors* a stay.  Starting on the day when Apple filed this motion, which is the correct date to analyze the stay factors, *VirtualAgility*, 759 F.3d at 1316, Maxell cannot dispute that "the bulk of the expenses that the parties would incur … are still in the future." *NFC Techs. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058, 2015 WL 1069111, at *3 (E.D. Tex. Mar. 11, 2015).

## IV.   THE STAY WILL LIKELY SIMPLIFY THIS CASE

Maxell's own statistics show that it is highly probable that the PTAB will institute at least some of the IPRs and will hold at least some claims unpatentable, and thus that at least some simplification will occur.  *See* Opp. at 10[1]; Mot. at 6-7.  While true that the PTAB *may* deny some of Apple's IPR petitions, Maxell ignores that these same statistics show it likely that the PTAB will institute most of Apple's petitions and such proceedings will simplify the issues in this case, even if all claims survive review.  *See* Opp. at 9-11; Mot. at 5-9.  And Maxell does not dispute that even an IPR denial may lead to case simplification based on disclaimers made before the PTAB.  *See* Mot. at 7 (citing *Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1362 (Fed. Cir. 2017)).  Thus, it is highly probable that a stay will materially simplify this complex case.

Maxell's specious arguments about Apple's future products is irrelevant to the case simplification factor, which considers the likelihood that a stay would simplify the ***existing*** disputes before the Court.  *See NFC*, 2015 WL 1069111, at *2.  Applying Maxell's logic, no court should ever stay a case because there is always some possibility that the case becomes more complex during the stay from a hypothetical future dispute.  In view of the overwhelming

---

[1] Maxell argues that 60% of prior IPRs filed against Maxell's patents were denied institution. Opp. at 10.  Even assuming this to be correct, the likelihood that all 10 Apple IPR petitions being denied institution is less than 1%.

statistics demonstrating a high likelihood of case simplification for the disputes currently before the Court, this factor favors a stay.

## V. SHOULD THE COURT DENY A PRE-INSTITUTION STAY, APPLE'S MOTION SHOULD BE DENIED WITHOUT PREJUDICE

Maxell's arguments for a denial with prejudice are unsupported, and are inconsistent with the practice of this District. Courts in this district have stayed cases pending IPRs well into the pre-trial process. *See, e.g.*, *Image Processing Techns., LLC v. Samsung Electronics Co., Ltd.*, No. 2:16-cv-505-JRG, D.I. 265 (E.D. Tex. Oct. 3, 2017) (scheduling trial for November 13, 2017); D.I. 306 (E.D. Tex. Oct. 25, 2017) (staying case pending IPRs a week after completion of Pretrial Conference and three weeks before trial). Indeed, the significant expenditures and resources the parties and the Court will expend over the next few months demonstrate the efficiencies to be gained by granting Apple's motion for a stay. Opp. at 12-13. These same considerations support Apple's request for expedited briefing when institution decisions issue, in the event the Court denies a stay beforehand. A stay at the time of institution, and expedited briefing on the issue, would present another opportunity for both the Court and the parties to conserve significant resources in the pretrial period. *See Armor All/STP Prod. Co. v. Aerospace Commc'ns Holdings Co.*, 2016 WL 6397269, at *4 (E.D. Tex. Oct. 28, 2016).

## VI. CONCLUSION

Apple respectfully requests the Court grant Apple's Motion to Stay.

DATED: April 14, 2020

Respectfully submitted,

*/s/ Luann L. Simmons*
Luann L. Simmons (*Pro Hac Vice*)
lsimmons@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center
28th Floor
San Francisco, CA 94111
Telephone: 415-984-8700
Facsimile: 415-984-8701

Xin-Yi Zhou (*Pro Hac Vice*)
vzhou@omm.com
**O'MELVENY & MYERS LLP**
400 S. Hope Street
Los Angeles, CA 90071
Telephone: 213-430-6000
Facsimile: 213-430-6407

Laura Bayne Gore (*Pro Hac Vice*)
lbayne@omm.com
**O'MELVENY & MYERS LLP**
Times Square Tower, 7 Times Square
New York, NY 10036
Telephone: 212-326-2000
Facsimile: 212-326-2061

Melissa R. Smith (TX #24001351)
melissa@gilliamsmithlaw.com
**GILLIAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

*Attorneys for Defendant Apple Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 14, 2020.

*/s/ Melissa R. Smith*
Melissa R. Smith