# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | |
|---|---|
| MAXELL, LTD., <br><br> *Plaintiff*, <br><br> v. <br><br> APPLE INC., <br><br> *Defendant*. | Case No. 5:19-cv-00036-RWS <br><br> **JURY TRIAL DEMANDED** |

### MAXELL, LTD.'S MOTION TO AMEND THE PROTECTIVE ORDER
### AND FOR AN ORDER OF DISCOVERY UNDER 28 U.S.C. § 1782

# Table of Contents

**PAGE**

I. INTRODUCTION .................................................................................................. 1

II. BACKGROUND ................................................................................................... 1

III. LEGAL STANDARDS ......................................................................................... 2

IV. ARGUMENT ........................................................................................................ 3

    A.    **Each of Section 1782's Statutory Requirements Is Satisfied** ............. 3

    B.    **Each of the Four Discretionary Factors Weighs in Favor of Granting Maxell's Motion** ........................................................................................ 4

    C.    **Amendment to the Protective Order is Warranted to Allow Maxell to Identify and use the Discovery in the Foreign Tribunal** ................................. 7

V. CONCLUSION ..................................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Application of AIS GmbH Aachen Innovative Sols. & Abiomed Europe GmbH*,
   No. 5:16-MC-80094-EJD, 2017 WL 3115228 (N.D. Cal. July 21, 2017)..................................4

*In re Application of Chevron Corp.*,
   No. H-10-134, 2010 WL 2038826 (S.D. Tex. May 20, 2010)....................................................3

*In re Ex Parte Application of Qualcomm Inc.*,
   162 F.Supp.3d 1029 (N.D. Cal. 2016) .......................................................................................3

*Intel Corp. v. Advanced Micro Devices, Inc.*,
   542 U.S. 241 (2004).......................................................................................................2, 3, 4, 6

*Matter of Lufthansa Technick AG*,
   No. C17-1453-JCC, 2019 WL 331839 (W.D. Wash. Jan. 25, 2019) .....................................4, 5

*Procter & Gamble*,
   334 F. Supp. 2d 1112 (E.D. Wis. 2004)....................................................................................7

**Other Authorities**

Fed. R. Civ. P. 12(h)(1)(B)(ii) .........................................................................................................4

**I.   INTRODUCTION**

The dispute between the parties is global. In addition to this case, Maxell, Ltd. ("Maxell") and Apple, Inc. ("Apple") are involved in patent litigation proceedings in Germany ("German Proceedings").[1] These German proceedings include allegations that the same Apple products at issue here infringe Maxell's German patents covering the same technology. As a result, particular documents from at least Apple and Intel Corporation ("Intel") produced in this case are believed to be highly relevant to Maxell's patent infringement claims against Apple in the German Proceedings.

Indeed, Apple's defense to certain claims in the German Proceedings calls into question whether Apple's products operate in a particular manner that would be born out in technical documents produced in this case. Apple has refused to produce such technical documents in the German Proceedings. Therefore, Maxell seeks narrowly tailored discovery from Apple concerning relevant technical specifications from Apple's and Intel's document production. Namely, Maxell seeks an order from this Court allowing discovery under Section 1782 and an amendment to the Protective Order that would allow Maxell to identify and use relevant technical documents in the German Proceedings.

**II.   BACKGROUND**

The German Proceedings brought by Maxell against Apple are pending in Germany's Düsseldorf District Court concerning seven Maxell patents. Crützen Decl. ¶ 1. The functionalities accused by Maxell in these German Proceedings include FaceTime, position calculation, AirDrop,

---

[1] The "German Proceedings" pending between Maxell and Apple in the District Court of Düsseldorf, Civil Chamber 4c, are: In the matter of Maxell Ltd., 4c O 14/20 (EP 1 286 174 B1); In the matter of Maxell Ltd., 4c O 11/20 (EP 2 061 230); In the matter of Maxell Ltd., 4c O 12/20 (EP 2 403 266 B1); In the matter of Maxell Ltd., 4c O 10/20 (EP 1 482 508 B1); In the matter of Maxell Ltd., 4c O 15/20 (EP 2 579 587 B1); In the matter of Maxell Ltd., 4c O 13/20 (EP 1 936 974 B1); and In the matter of Maxell Ltd., 4c O 45/19 (EP 1 324 539 B1). Crützen Decl. ¶ 1.

WiFi, and Bluetooth communications of iPhones. *See* Siddiqui Decl. (Ex. A) ¶ 2. These functionalities are accused in this lawsuit and described in the documents produced by Apple and Intel. *Id.* at ¶ 3. Thus, documents produced by Apple and Intel are highly relevant to the fair adjudication of Maxell's claims in Germany. To assess relevancy, Maxell requested that Apple and Intel agree to amend the Protective Order to allow for Maxell to review and identify relevant documents for use in the German Proceedings. *See* 8/29/2020 Email (Ex. B). Once the documents (if any) were identified, Maxell agreed to meet and confer to identify and remove any documents that may be subject to export restriction and file a requisite Addendum to the Protective Order Intel was agreeable to Maxell seeking leave for the limited purpose of identifying relevant documents. *See* 9/2/2020 Email (Ex. B).  Apple opposed the request even as to documents produced by Intel- only arguing that it "owns" Intel documents due to an acquisition of Intel's smartphone modem business in December 2019. *See* 9/15/2020 Email (Ex. B).

### III.   LEGAL STANDARDS

"Section 1782 is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc*., 542 U.S. 241, 247 (2004). Throughout this process, "Congress substantially broadened the scope of assistance federal courts could provide for foreign proceedings[]" culminating in 28 U.S.C. § 1782. *Id.* Section 1782 provides:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal…The order may be made… upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

The district court's discretion is to be exercised in view of the twin aims of Section 1782: "providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts." *Intel*, 542 U.S. at 252.

There are three statutory requirements, and four discretionary factors, for a court to evaluate relief under 28 U.S.C. § 1782. The statutory requirements are satisfied where: "(1) the person from whom discovery is sought is found or resides within the district; (2) the discovery is for use in a foreign tribunal; and (3) the application[, if not made by a foreign or international tribunal,] is made by an interested person." *In re Application of Chevron Corp.*, No. H-10-134, 2010 WL 2038826, at *1 (S.D. Tex. May 20, 2010).

The four discretionary factors are (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the request is "an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-65.

## IV. ARGUMENT

### A. Each of Section 1782's Statutory Requirements Is Satisfied

First, Apple[2] "resides or is found" in this District for purposes of this case. "When applied to corporations, the word 'found' may safely be regarded as referring to judicial precedents that equate systematic and continuous local activities with presence." *In re Ex Parte Application of*

---

[2] Although the request herein is direct to documents produced by Apple and Intel, the analysis is limited to Apple only based on Apple's representation that it now owns and controls the Intel documents at issues.

*Qualcomm Inc.,* 162 F.Supp.3d 1029, 1035 (N.D. Cal. 2016) (internal quotations omitted). Specifically, Apple did not dispute that it resides or is found in this District.[3] *See* D.I. 118 (Apple's Answer to Maxell's First Amended Complaint) at ¶ 12 ("Apple admits…that it has not contested, for purposes of this case, whether venue is proper is this District under 28 U.S.C. § 1400(b)."). Further, Apple is "found" in the district because it is a party in this lawsuit and has historically had continuous contact by way of a regular and established business in this district and by committing acts of infringement in this District. *See* Complaint, D.I. 1 at ¶ 12.

Second, the discovery is for use in a foreign tribunal. Specifically, it will be used in the German Proceedings in connection with Maxell's claims against Apple. Crützen Decl. (Ex. C) ¶ 1. Each of the German Proceedings is a foreign tribunal for purposes of section 1782. *See, e.g., Matter of Lufthansa Technick AG*, No. C17-1453-JCC, 2019 WL 331839, at *4 (W.D. Wash. Jan. 25, 2019) (permitting discovery for use in German patent infringement proceedings); *In re Application of AIS GmbH Aachen Innovative Sols. & Abiomed Europe GmbH*, No. 5:16-MC-80094-EJD, 2017 WL 3115228, at *5-6 (N.D. Cal. July 21, 2017) (same).

Finally, Maxell is an "interested person" for purposes of section 1782 because it is a named party in the German Proceedings. *Intel*, 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782.").

### B. Each of the Four Discretionary Factors Weighs in Favor of Granting Maxell's Motion

The first factor favors Maxell. It is undisputed that Intel is not a participant in the German Proceedings and thus Intel's documents, which Apple now allegedly owns, are outside the German Court's jurisdictional reach. Ex. C, Crützen Decl. ¶¶ 4-5; *see also Intel*, 542 U.S. at 264

---

[3] Apple has waived any improper venue defense by failing to "include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." Fed. R. Civ. P. 12(h)(1)(B)(ii).

("nonparticipants in foreign proceedings may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."). While Apple is a participant in the German Proceedings, Maxell cannot compel Apple to produce relevant documents as this discovery mechanism is not available. Ex. C, Crützen Decl. ¶¶ 2-3. Apple has the option of producing technical documents, "but with respect to multiple proceedings including for the proceedings related to EP 1 286 174, Apple has not provided any such documents to the German Court." Ex. C, Crützen Decl. ¶ 6. For example, in one proceeding "Apple has argued that its products do not infringe EP 1 286 174 because a particular section of the standard is optional without providing any documentation to show that its products do not in fact implement that section of the standard." *Id.* Thus, this factor weighs in favor of granting Maxell's Motion. *See Matter of Lufthansa Technick AG*, 2019 WL 331839, at *2 ("although Intervenor is a participant in the pending proceedings, the lack of effective discovery mechanisms available to Petitioner in those countries weighs in favor of allowing Petitioner to obtain the discovery material via § 1782.").

      The second factor, the nature and character of the foreign proceedings and the receptivity to U.S. federal-court judicial assistance, also favors Maxell. The German Proceedings involve Maxell's claims of patent infringement against Apple. The discovery sought by Maxell, which relates to the technical operation of Apple's accused products, is therefore critical. Moreover, the German court does not preclude the admission of evidence obtained through § 1782, and there is no evidence that the German court would object to the present Motion. *See* Ex. C, Crützen Decl. ¶ 6. Under German law, any documents obtained in the United States pursuant to 28 U.S.C. § 1782 can be introduced and are considered by the German court in its decision making. Ex. C, Crützen Decl. ¶ 8.

The third factor, whether the discovery is an attempt to circumvent foreign proof-gathering restrictions, favors Maxell. Maxell is unaware of any restrictions on proof-gathering procedures that would prohibit obtaining the discovery through Section 1782, and courts have routinely granted applications under Section 1782 for evidence to be used in the foreign courts at issue here. *See* Ex. C, Crützen Decl. ¶¶ 8-9. In general, German courts admit evidence that is obtained pursuant to 28 U.S.C. § 1782 without regard to its origin. *Id*. And Section 1782 "contains no threshold requirement that evidence sought from a federal district court would be discoverable under the law governing the foreign proceeding." *Intel*, 542 U.S. at 247. The discovery sought to be used by Maxell in the German Proceedings is not an attempt to circumvent foreign procedure, but rather constitutes a supplemental method of obtaining relevant proof of Apple's infringement.

The fourth factor, whether the discovery will be unduly intrusive or burdensome, also favors Maxell. As discussed above, Maxell's Motion is targeted to a limited set of critical technical documents that are at the heart of the parties' patent infringement disputes in the German Proceedings. The universe of responsive documents is thus likely to be small and easily searchable, avoiding any undue burden. Maxell's request to use these documents in the German Proceedings would not be unduly burdensome on Apple as such documents have already been gathered and produced by Apple in this case. Moreover, any minimal burden on Apple imposed by granting Maxell's Motion is clearly outweighed by the compelling need for this information so that the German court can make a full, fair, and just determination of Maxell's patent infringement claims.

To the extent that Apple or Intel has confidentiality concerns, Maxell is willing to agree to use only a limited set of Protected Material in the German Proceedings. While it is difficult for Maxell to identify a precise limit of documents it will need to rely on in the German Proceedings without conducting a search of the production, Maxell is willing to provide an estimated

representation, *i.e.*, Maxell will not rely on more than a total of 20-30 technical documents across the seven German Proceedings.

### C. Amendment to the Protective Order is Warranted to Allow Maxell to Identify and use the Discovery in the Foreign Tribunal

As detailed in the above, Maxell has shown that an order allowing narrowly tailed discovery under Section 1782 is warranted. Accordingly, good cause exists to amend this Court's Protective Order to allow for Maxell's review and use of the discovery. Specifically, Maxell is seeking to amend paragraph 1(a) of the Protective Order (D.I. 45) under 28 U.S.C. § 1782 as follows:

> (a) Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case or any related appellate proceeding, and with respect to non-Source Code Protected Material not designated as "CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" or "INTEL CONFIDENTIAL - ATTORNEYS' EYES' ONLY SOURCE CODE" shall be used as confidential submissions in German proceedings noted in this subsection in Table 1. Aside from the foregoing, the Protected Material and shall not be used directly or indirectly for any other purpose whatsoever: [TABLE 1 – List of German Proceedings]

### V. CONCLUSION

Given the multiple German proceedings between Maxell and Apple involving the same technology and products, Section 1782 provides an efficient and effective means for obtaining the discovery sought by Maxell. Rather than seeking the same discovery in another venue or in each of the foreign litigations, Section 1782 provides the means for Maxell to obtain the discovery with one application under the statute. *Procter & Gamble*, 334 F. Supp. 2d 1112, 1115 (E.D. Wis. 2004) (observing that it would be inefficient to require party to patent infringement actions in Germany, Japan, the Netherlands, France and the United Kingdom "to seek the same discovery" in each of them). For at least these reasons, Maxell respectfully requests that the Court grant the instant Motion.

| | |
|---|---|
| Dated: October 6, 2020 | By: */s/ Jamie B. Beaber* |

                                  Geoff Culbertson
                                  Kelly Tidwell
Patton, Tidwell & Culbertson, LLP
2800 Texas Boulevard (75503)
Post Office Box 5398
Texarkana, TX 75505-5398
Telephone: (903) 792-7080
Facsimile: (903) 792-8233
gpc@texarkanalaw.com
kbt@texarkanalaw.com

Jamie B. Beaber
Alan M. Grimaldi
Kfir B. Levy
James A. Fussell, III
William J. Barrow
Baldine B. Paul
Tiffany A. Miller
Michael L. Lindinger
Saqib J. Siddiqui
Bryan C. Nese
Alison T. Gelsleichter
Clark S. Bakewell
MAYER BROWN LLP
1999 K Street, NW
Washington, DC 20006
Telephone: (202) 263-3000
Facsimile: (202) 263-3300
jbeaber@mayerbrown.com
agrimaldi@mayerbrown.com
klevy@mayerbrown.com
jfussell@mayerbrown.com
wbarrow@mayerbrown.com
bpaul@mayerbrown.com
tmiller@mayerbrown.com
mlindinger@mayerbrown.com
ssiddiqui@mayerbrown.com
bnese@mayerbrown.com
agelsleichter@mayerbrown.com
cbakewell@mayerbrown.com

Robert G. Pluta
Amanda Streff Bonner
MAYER BROWN LLP
71 S. Wacker Drive

                    Chicago, IL 60606
                    (312) 782-0600
                    rpluta@mayerbrown.com
                    asbonner@mayerbrown.com

*Counsel for Plaintiff Maxell, Ltd.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served this 6th day of October, 2020, with a copy of this document via electronic mail pursuant to Local Rule CV-5(d).

/s/ *Jamie B. Beaber*
Jamie B. Beaber

**CERTIFICATE OF CONFERENCE**

I hereby certify that Plaintiff Maxell, Ltd. has complied with the requirements of Local Rule CV-7(h) governing this case. Specifically, the parties exchanged correspondence from August 18, 2020 through September 15, 2020 and held a telephonic conference on October 5, 2020 that included, among others, Jamie Beaber and Geoff Culbertson for Maxell and Michael Jay and Gil Gillam for Apple. The parties were not able to resolve the issues raised by this Motion, and counsel for Apple indicated that Apple opposes this Motion.

/s/ *Jamie B. Beaber*
Jamie B. Beaber

/s/ *Geoff Culbertson*
Geoff Culbertson