# Exhibit B

**Excerpt from 8/9/2020 E-mail from G. Culbertson to T. Franks and V. Zhou**

We understand that both Intel and Apple currently oppose Maxell's motion. But pursuant to your requests we have attached a draft addendum. It also appears we may be talking past each other which is why we thought a call may help. More explanation below; and we remain available to discuss this over the phone.

As you know, the governing PO prohibits the use of any document for any purpose outside the EDTX litigation. So we have not (and literally cannot) identified the documents as Intel has twice requested. That's why we view discussing specific provisions of the PO Addendum as premature. As a first step, Maxell must seek relief to identify Protected Material (if any). Once any Protected Material is identified, Maxell can work with Intel and Apple to draft an Addendum that is suitable to preserve confidentiality. At this stage we don't know if the total universe of Protected Material will be 5, 10 or 50 documents. Nor do we know whether the documents will be subject to the protections of the Export Control Act. It's possible that once identified, we may propose only relying on/transmitting small portions of the Protected Material in view of the confidentiality concerns.

At this stage would Apple and Intel consent to Maxell reviewing the Protected Material produced in the EDTX case for the sole purposes of identifying a list of Protected Material that it deems relevant for use in the German proceedings to provide Apple and Intel? Apple and Intel would need to consent that such review and identification would not be a violation of the PO. Once any documents are identified, Apple and Intel can decide what types of protections and specific provisions in the PO Addendum are necessary and if there is continued opposition to Maxell's request, Maxell will file a motion pursuant to Section 1782.

If Apple and Intel oppose even this initial step, Maxell will file an opposed motion seeking authorization to identify the documents.

**Excerpt of 9/2/2020 E-mail from T. Franks to G. Culbertson**

Given the unique circumstances of this case and the current environment, Intel consents to Maxell's request to allow its US counsel of record to review Intel designated materials (excluding source code) for purposes of identifying documents Maxell wants to use in the pending German actions. Other than this limited exception to paragraph 1(a), all other provisions of the current protective orders will apply to that review.

By granting this consent, Intel is not conceding that it would be permissible or appropriate for Maxell to use any such documents in those actions. Intel reserves all rights to oppose Maxell's efforts to use any such documents in those German cases, including but not limited to confidentiality and relevance objections. As you suggest below, we can address those issues if and when Maxell identifies any such documents.

**Excerpt of 9/15/2020 E-mail from M. Jay to G. Culbertson**

Apple opposes Maxell's motion to amend any protective orders in this case for the purpose you describe below. In December 2019, Apple acquired a majority of Intel's smartphone modem business. Pursuant to that acquisition, a substantial number of the documents that Intel produced in this matter—and that you are seeking to review for purposes of identifying documents for use in the German proceedings—are now owned by Apple. The Agreed Protective Order and Supplemental Protective Order for Intel Confidential Information were in force and were relied upon by Apple and Intel in producing confidential documents and information during all of discovery in EDTX, which is now closed. Maxell has not shown any good cause to at this stage of the case alter either of the protective orders.