**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| MAXELL, LTD.,<br><br>      *Plaintiff*,<br><br>v.<br><br>APPLE INC.,<br><br>      *Defendant*. | Case No. 5:19-cv-00036-RWS<br><br>**JURY TRIAL DEMANDED** |

**JOINT STATUS REPORT
<u>REGARDING FRAMEWORK TO NARROW ISSUES FOR TRIAL</u>**

Pursuant to the telephonic meeting held with Judge Schroeder on December 7, 2020, Plaintiff Maxell, Ltd. ("Plaintiff" or "Maxell") and Defendant Apple Inc. ("Defendant" or "Apple") discussed potential proposals to narrow the issues to be heard at the trial for the above-captioned matter, scheduled for March 22, 2021. While proposals were exchanged between the parties, the parties were unable to reach agreement.  The parties provide the Court with this Joint Status Report and are prepared to either discuss the below with the Court on a conference call at the Court's convenience or brief the issue in detail, as the Court may find most appropriate. The proposals of the parties are set forth below:

## I.      Maxell's Proposal

Maxell offered the following proposal to Apple for narrowing:

- Maxell will drop the '586 and '193 patents;

- Maxell will bring its asserted claims down to no more than 12 asserted claims;

- Apple will execute a representative product stipulation consistent with the focus of expert discovery in the case and agreeable to Maxell;

- Apple will narrow its prior art invalidity challenges to one ground per asserted claim (a ground being one anticipatory reference or one obviousness combination), excluding its 101 challenges; and

- Apple will agree to Maxell's motion *in limine* regarding Apple's 282 election of prior art (as presented orally during the pre-trial conference).

Maxell's proposal was a package deal dependent upon Apple agreeing to the items set forth above.

Maxell's proposal provides both Parties more than sufficient time to fully and fairly present their cases in the time permitted by the Court for trial.  From the twenty (20) asserted claims set forth in the pretrial order, Maxell's proposed narrowing represents, at minimum, **a reduction of forty percent (40%) of the asserted claims** – effectively making this a six (6) patent case (three of the remaining patents are related) with no more than twelve (12) asserted claims.[1]  Maxell's proposed narrowing would bring this case to a size smaller than that successfully presented against ZTE by Maxell a few years ago in this Court.

Moreover, in addition to Maxell's overall proposal to bring its asserted claims down from

---

[1] The 40% reduction is a conservative calculation of the narrowing proposed by Maxell.  Indeed, considering Maxell's proposal to drop the '586 and '193 patents alone (without the proposed further narrowing of asserted claims to no more than twelve (12)), **reflects a reduction of 45%** of the pages dedicated by Maxell in its infringement expert reports.  When considering the proposed further narrowing of asserted claims to no more than twelve (12), the **reduction exceeds 50%** of the pages dedicated by Maxell in its infringement expert reports.

twenty (20) to no more than twelve (12), Maxell was extremely thoughtful in its selection of the '586 and '193 patents for narrowing.  As the Court may recall from the recent ZTE trial, the claims of the '193 patent are extremely dense with many claim elements.[2]  The asserted claims of the '586 patent are similarly dense.[3]  These patents would certainly take an inordinate amount of time compared to the remaining patents.  In comparison, Apple's focus for narrowing is principally designed to reduce its damages exposure, which is improper.[4]

Finally, Apple's criticisms of Maxell's narrowing proposal lack merit.  <u>First</u>, Apple's position that Maxell's proposal still maintains an eight (8) patent case for trial is belied by Apple's own statements.  Recently, Apple's counsel indicated that Maxell's previous ten (10) patent case could basically be looked at as an eight (8) patent case.[5]  At least at that time, Apple shared Maxell's view that the three related patents should be viewed as a single patent for trial presentation purposes.  That view should only be stronger now that Maxell has proposed to also limit the total number of asserted patent claims to no more than twelve (12).  Second, Apple's position that Maxell's proposal provides insufficient time for witness testimony, does not comport with the facts.  Apple is well aware that many of the witnesses identified by Apple as "will call" witnesses will either not be called at all, be called by short deposition designations, or will be very brief.[6]  As such, Apple's arguments lack relevant substance.

---

[2]  For example, asserted claim 1 of the '193 patent contains thirteen (13) dense limitations and the patent accused two completely different architectures requiring two different experts from Maxell.

[3]  For example, asserted claim 7 effectively contains nine (9) dense limitations and the patent would require Maxell's experts to walk through three (3) categories of Apple operating systems (iOS, watchOS, and macOS).

[4]  Indeed, Apple's instance that it will assert as many prior art references as it wishes to show "the state of the art" (*see* Maxell's Motion in Limine No. 10) and otherwise for purposes of the navigation patents and under Section 101, shows that Apple is not genuinely interested in narrowing this matter for trial, but rather only wishes to limit its damages and infringement exposure.

[5]  "[T]his case is currently postured as a ten-patent case headed for trial …, as I mentioned before, we have three patents that are related and seven that are unrelated.  So we're really going to be trying – **you could look at it as basically an eight-patent case**."  M. Fowler, October 8, 2020, MSJ Hr. Tr. At 10:14-20 (emphasis added).

[6]*See e.g.*, *PanOptis v. Apple*, where Apple was able to present its witnesses in a 5 unrelated patents/ 6-day jury trial.

## II.        Apple's Proposal

Apple's proposal is the only one that will afford the parties a full and fair opportunity to present their claims and defenses in the trial time currently allotted (which Apple understands to be eight days of trial time, with six-and-a-half days of witness testimony after taking into account jury selection, openings and closings, etc.).  Apple's need to have the opportunity to fully defend itself is particularly pronounced given that Maxell's damages claim is still over $493 million even if it drops the two patents it proposes dropping.  Under Apple's proposal, Maxell would dismiss four of the ten patents from the case, including the patent it previously agreed to drop (the '586 patent) but is now including in its "case-narrowing" proposal.  In exchange, Apple will execute a representative product stipulation, on a patent-by-patent basis, by electing one model of iPhone/iPad/Watch for each patent except where the infringement read requires multiple devices (namely the '586 and '438 patents).  Furthermore, Apple will narrow its prior art invalidity challenges to one "ground" per patent (a "ground" being one anticipatory reference or one obviousness combination), except that this narrowing of the invalidity defenses will not: (a) apply to the prior art defenses to the three "Nav" patents (the '317, '498 and '999 patents); (b) apply to Section 101 challenges; and (c) preclude Apple's experts from discussing other (non-elected) prior art references when describing the state of the art, consistent with their expert reports.  Like Maxell's proposal, this is a package proposal dependent on Maxell's dismissal of four patents.

For several reasons, Maxell's proposal is unworkable.  <u>First</u>, six-and-a-half days for witness testimony is not enough time to present evidence in an eight-patent case.  For those eight patents, the parties have identified 31 "will call" witnesses (15 fact witnesses and 16 expert witnesses), which averages out to just over an hour of testimony time for each witness.[7]  That is

---

[7] This calculation is based on an estimate of six hours per day of testimony time.

not enough time to present complete testimony from each witness in this complex case.  Maxell has routinely pointed to the *Maxell v. ZTE* case to support its claim that the parties can somehow try an eight-patent case in eight trial days.  The ZTE trial, however, was a full trial day longer than the trial time allotted here, and ZTE called only five witnesses in its case-in-chief, all of whom were experts.  In contrast, for the eight patents under Maxell's proposal, Apple will need to call nine Apple engineers to explain how the accused features work, four technical experts, two prior art fact witnesses, one librarian expert, and at least three damages-related witnesses (one fact witness and two experts).  Second, Maxell continues to contend that its narrowing proposal would be "like a six (6) patent case" by lumping together the three so-called "Nav" patents, but each of those patents has different asserted claims with different requirements, and, importantly, different infringement theories and therefore different noninfringement and invalidity theories.  So it is not appropriate to lump them together as a single "patent," especially where Maxell is seeking nearly $240 million in damages on those three patents alone.  Third, even under Apple's proposal of an actual six-patent case, the parties still expect to call a minimum of 25 "will call" witnesses. Depending on the six patents Maxell elects for trial, Apple will need to call at least five Apple engineers to explain how the accused features work, plus at least four experts to offer noninfringement and invalidity opinions, plus damages-related fact and expert witnesses.  Short of dropping entire defenses (which Apple should not be required to do), there is nothing more Apple can do to shorten its trial presentation.  And for many of the patents, Maxell asserts multiple infringement theories.  The only way the parties will be able to try this case in the time allotted is through Maxell dismissing additional patents—at least four of the ten, which includes the patent that Maxell represented to the Court it was already dropping (the '586 patent).

Dated: December 22, 2020

/s/ *Jamie B. Beaber*

Geoff Culbertson
Kelly Tidwell
Patton, Tidwell & Culbertson, LLP
2800 Texas Boulevard (75503)
Post Office Box 5398
Texarkana, TX 75505-5398
Telephone: (903) 792-7080
Facsimile: (903) 792-8233
gpc@texarkanalaw.com
kbt@texarkanalaw.com

Jamie B. Beaber
Alan M. Grimaldi
Kfir B. Levy
James A. Fussell, III
Baldine B. Paul
Tiffany A. Miller
Saqib J. Siddiqui
Bryan C. Nese
William J. Barrow
Alison T. Gelsleichter
Clark S. Bakewell
MAYER BROWN LLP
1999 K Street, NW
Washington, DC 20006
Telephone: (202) 263-3000
Facsimile: (202) 263-3300
jbeaber@mayerbrown.com
agrimaldi@mayerbrown.com
klevy@mayerbrown.com
jfussell@mayerbrown.com
bpaul@mayerbrown.com
tmiller@mayerbrown.com
ssiddiqui@mayerbrown.com
bnese@mayerbrown.com
wbarrow@mayerbrown.com
agelsleichter@mayerbrown.com
cbakewell@mayerbrown.com

Robert G. Pluta
Amanda Streff Bonner
MAYER BROWN LLP
71 S. Wacker Drive

/s/ *Harry L. Gillam, Jr.*

Harry L. Gillam, Jr.
Texas Bar No. 07921800
Melissa Richards Smith
Texas Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: gil@gillamsmithlaw.com
Email: melissa@gillamsmithlaw.com

Mark D. Fowler (Pro Hac Vice)
Brent K. Yamashita
Christian Chessman
DLA PIPER LLP (US)
2000 University Ave.
East Palo Alto, CA 94303-2214
Tel: 650.833.2000
Fax: 650.833.2001

Sean C. Cunningham (Pro Hac Vice)
Erin P. Gibson (Pro Hac Vice)
Kevin Hamilton (Pro Hac Vice)
David R. Knudson (Pro Hac Vice)
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101
Tel: 619.699.2700
Fax: 619.699.2701

Michael Jay (Pro Hac Vice)
DLA PIPER LLP (US)
2000 Avenue of the Stars, Suite 400
Los Angeles, CA 90067
Tel: 310.595.3000
Fax: 310.595.3300

Aaron G. Fountain
Zachary Loney
DLA PIPER LLP (US)
401 Congress Avenue, Suite 2500
Austin, Texas 78701-3799

Chicago, IL 60606
(312) 782-0600
rpluta@mayerbrown.com
asbonner@mayerbrown.com

*Counsel for Plaintiff Maxell, Ltd.*

Tel: 512.457.7000
Fax: 512.457.7001

Dawn M. Jenkins
DLA PIPER LLP (US)
1000 Louisiana, Suite 2800
Houston, TX 77002-5005
Tel: 713.425.8490
Fax: 713.300.6012
Paul Steadman (Pro Hac Vice)
Stephanie Lim (Pro Hac Vice)
DLA PIPER LLP (US)
444 West Lake Street, Ste. 900
Chicago, IL 60606
Tel: 312.368.4000
Fax: 312.236.7516

Paul Steadman
Stephanie Lim (Pro Hac Vice)
DLA PIPER LLP (US)
444 West Lake Street, Ste. 900
Chicago, IL 60606
Tel: 312.368.4000
Fax: 312.236.7516

*Counsel for Defendant Apple Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served this 22nd day of December, 2020, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Jamie B. Beaber*
Jamie B. Beaber