#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE EASTERN DISTRICT OF TEXAS
#### TEXARKANA DIVISION

| | | |
|---|---|---|
| MAXELL LTD., | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 5:19-CV-00036-RWS |
| v. | § § § | |
| APPLE INC, | § § § | |
| Defendant. | § § | |

### ORDER

Before the Court is Apple's Motion to Stay Pending Proceedings at the Patent Office or, in the Alternative, to Continue Trial Due to the COVID-19 Pandemic (Docket No. 629). For the reasons set forth below, Apple's motion to stay is **DENIED WITHOUT PREJUDICE** and Apple's motion to continue in the alternative is **DENIED**.

### BACKGROUND

Maxell filed its initial complaint on March 15, 2019, alleging that Apple's products infringe ten patents.[1] Docket No. 11. Jury selection and trial were set to begin on December 7, 2020, but trial was reset for March 22, 2021. Docket No. 593. In response to the parties' negotiations and the Court's order, Maxell narrowed its asserted claims to six patents: the '317, '999, '498, '493, '794 and '438 patents. *See* Docket Nos. 624, 628.

Of the six asserted patents, only the '794 patent is subject to IPR proceedings. Docket No. 629 at 1. Apple initially petitioned the Patent Trial and Appeal Board ("PTAB") for IPR of all

---

[1] U.S. Patent Nos. 6,748,317; 6,580,999; 8,339,493; 7,116,438; 6,408,193; 10,084,991; 6,928,306; 6,329,794; 10,212,586; and 6,430,498.

asserted claims of all 10 original patents-in-suit[2] and moved to stay the case pending the outcome of the petitions. *Id.* at 4; *see* Docket No. 239. The Court denied Apple's motion without prejudice as premature because the PTAB had not yet issued institution decisions. *See* Docket No. 298. The PTAB instituted IPR proceedings on four of the patents, including the '794 patent, but denied the other six. *Id.* Apple renewed its motion to stay pending the outcome of the IPR proceedings; the Court again denied Apple's motion, finding a stay inappropriate where only eight of the 20 then-asserted claims were subject to review. *See* Docket No. 587.

After the Court's order denying a stay, Apple filed requests for *ex parte* reexamination ("EPR") for all remaining claims in this case not subject to IPR. Docket No. 629 at 4. Of the six live patents in this case, the United States Patent and Trademark Office ("PTO") granted EPR on three—the '317, '999 and '493 patents—at the time of Apple's instant motion. Docket No. 629 at 1. Apple later filed notice of the PTO's decision to grant EPR on the '498 and '438 patents. Docket No. 649. The '794 patent is subject to IPR. In sum, as of the date of this order, each of the six asserted patents and associated claims are subject to either IPR (the '794 patent) or EPRs (the '317, '999, '493, '498 and '438 patents). *Id.*

### LEGAL STANDARDS

The Court has the inherent power to control its own docket, including the power to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "In deciding whether to stay litigation pending reexamination, courts typically consider: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F.Supp.2d

---

[2] Apple filed its IPR petition for the '794 patent on December 19, 2019. Docket No. 481-1 ¶¶ 21–31.

660, 662 (E.D. Tex. 2005) (citing *Xerox Corp. v. 3Com Corp.*, 69 F.Supp.2d 404, 406 (W.D.N.Y. 1999)).

"Trial judges have broad discretion in deciding requests for continuances." *United States v. German*, 486 F.3d 849, 854 (5th Cir. 2007). The Fifth Circuit typically looks to the totality of circumstances in evaluating trial court continuances. *U.S. v. Stalnaker*, 571 F.3d 428, 439 (5th Cir. 2009). In managing its docket during the pandemic, the Court has looked to several factors such as and including, but not limited to: (1) the risks posed by the pandemic and available safety protocols to mitigate and reduce such risks; (2) the prejudice to parties that would result from a continuance; and (3) the availability of remedial measures to address any due process concerns. *See, e.g.*, *Optis Wireless Tech., LLC v. Apple Inc.*, Case No. 2:19-cv-66-JRG, Docket No. 387 (E.D. Tex. July 21, 2020); *Image Processing Techs., LLC v. Samsung Elecs. Co.*, Case No. 2:20-cv-50-JRG, Docket No. 200 (E.D. Tex. June 29, 2020). In the present case, all factors weigh against granting a continuance.

## DISCUSSION

Apple asks the Court to stay this case pending review of the six asserted patents by the PTO or, alternatively, continue the trial date until all trial participants have had the opportunity to receive a COVID-19 vaccine. Docket No. 629 at 1. Maxell opposes both requests, arguing that the outcome of the pending PTO reviews is speculative and unclear and that the Court and parties are prepared to safely proceed with trial on March 22, 2021, as scheduled. Docket No. 636 at 1–2. The Court will first review Apple's motion to stay.

**I.     Apple's Motion to Stay**

Apple argues that the case should be stayed pending resolution of the review proceedings, asserting that all three factors weigh in favor of a stay. Docket No. 629 at 6. Maxell responds that

the motion is yet another speculative attempt by Apple to further delay the vindication of Maxell's patent rights. Docket No. 636 at 1–2. Maxell contends that all three factors weigh against a stay. *Id.* The Court will discuss each factor in turn.

### a. Prejudice

Apple renews arguments raised in previous motions to stay that Maxell will not suffer undue prejudice because it does not practice the patents-in-suit and can be fully compensated for any alleged harm through monetary damages. Docket No. 629 at 9; *see also* Docket No. 481 at 12–13. In its previous orders denying Apple's motions to stay pending PTO review proceedings, the Court has consistently found that the prejudice factor weighs against a stay. Docket No. 587 at 3; Docket No. 298 at 3. Indeed, the prejudice Maxell would suffer from further delay of timely enforcement of its patent rights has only grown with time. *Blitzsafe Texas LLC v. Maserati North America Inc., et al.*, Case No. 2:19-cv-00378-JRG, Docket No. 285 at 4 (E.D. Tex. Feb. 16, 2021) ("Time is not an ally of prompt and fair adjudication of parties' rights given the always present risk of fading memories and witnesses who may become unexpectedly unavailable."); *see also Soverain,* 356 F.Supp.2d at 662; *ThinkOptics, Inc. v. Nintendo of Am., Inc.*, 2014 WL 4477400, at *1 (E.D. Tex. Feb. 27, 2014; *Trover Grp., Inc. v. Dedicated Micros USA*, Case No. 2:13-cv-1047, 2015 WL 1069179, at *2 (E.D. Tex. Mar. 11, 2015).

Further, as the Court has previously held, "[t]he mere fact that Maxell is not currently practicing the patents does not mean that, as a matter of law, it is not prejudiced by a substantial delay of an imminent trial date." Docket No. 587 at 3 (citing *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.,* Case No. 2:13-cv-213-JRG-RSP, 2015 WL 627887, at *2 (E.D. Tex. Jan. 29, 2015)); Docket No. 298 at 3 (same). And Maxell's interest in timely enforcing its patents is valid

"regardless [of] whether the parties' products directly compete." *ThinkOptics*, 2014 WL 4477400, at *1. The prejudice factor accordingly weighs against a stay.

### b. Stage of the Proceedings

Apple argues—as it has before—that while the case is on the eve of trial, the stage of proceedings favors a stay because trial is "the most burdensome task" in a patent case. Docket No. 629 at 10. Maxell responds that the advanced stage of the case weighs heavily against a stay, as all that is left to complete is the trial itself, and Apple's timing in filing its EPR requests strongly implies that Apple's motive is to delay this case. Docket No. 636 at 8–9.

This factor includes two sub-factors: "(1) whether discovery is complete and whether a trial date has been set; and (2) whether the movant has unreasonably delayed filing its IPR petition and motion to stay." *Stragent, LLC v. BMW of N. Am., LLC*, Case No. 6:16-cv-446-RWS-KNM, 2017 WL 2839260, at *2 (E.D. Tex. Apr. 20, 2017). When the Court first denied Apple's motion to stay, it found that the stage of the case weighed against a stay because "[t]he case is not in its infancy and is far enough along that a stay would interfere with ongoing proceedings." Docket No. 298 at 4 (citing *Uniloc 2017 LLC v. Samsung Elec. Am., Inc.*, Case No. 2:19-cv-00259-JRG-RSP, 2020 WL 143360, at *5 (E.D. Tex. Mar. 24, 2020); *NFC Techs. LLC v. HTC Am., Inc.*, Case No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *4 (E.D. Tex. Mar. 11, 2015)). In denying Apple's subsequent motion, the Court noted that "the fact that proceedings have advanced even further since the Court's order and both the parties and the Court have expended significant resources in the progress of this case weighs more heavily against a stay than before." Docket No. 587 at 4. Apple provides no reason why the stage of the case would not weigh even more heavily in opposition to a stay than it did when the Court denied its two previous motions.

The second sub-factor—delay—also continues to weigh against granting a stay. In its initial order, the Court held that Apple's delay in filing its IPRs weighed against a stay and noted that Apple had not sufficiently explained its delay in filing the petitions. Docket No. 298 at 4. Apple's renewed motion "fare[d] no better in providing a sufficient explanation for its delay and instead simply claim[ed] that it was diligent in filing its IPRs, contrary to the Court's earlier ruling." Docket No. 587 at 5.

The same is true of Apple's EPR filings. Apple waited more than 20 months to begin filing EPR requests on the asserted patents and filed its last request on February 12, 2021—just over a month before trial is set to begin. Docket No. 629 at 4. Each of the EPR requests was filed after the two previously scheduled trial settings. Apple provides no explanation for this lengthy delay in requesting EPRs.

"[M]otions to stay are considered on a case-by-case basis and there exists no policy in this Court to routinely grant such motions. To do so would turn reexamination into an administrative process that must be completed before a suit for patent infringement may move forward." *Eon Corp. IP Holdings, LLC v. Skytel Corp.*, Case No. 6:08-cv-385, 2009 WL 8590963, at *4 (E.D. Tex. Apr. 29, 2009). The use of EPR proceedings as a dilatory tactic must be considered by the Court in deciding whether to grant a discretionary stay. *Id.* The fact that Apple had not begun to file requests for EPR until after the initial and first reset trial dates in this matter had already passed raises a question about its motive in filing these requests. Combined, the stage of the case and the timing of Apple's requests weigh heavily against a stay.

### c. Simplification of Issues

The final factor—whether the stay is likely to simplify the issues at trial—is the most important factor bearing on whether to grant a stay. *Uniloc 2017*, 2020 WL 1433960, at *5. Apple

argues that a stay has the potential to simplify the issues and streamline the trial process. Docket No. 629 at 6–7. Maxell responds that any simplification is, at this stage, purely speculative and does not outweigh the prejudice and delay resulting from a stay. Docket No. 636 at 10–11.

Another court in this district recently declined to grant a discretionary stay under similar circumstances. In *Ramot at Tel Aviv University Ltd. v. Cisco Systems, Inc.*, Defendant Cisco filed a motion to stay pending reexamination where the PTO found substantial new questions of patentability as to each of the asserted claims of the patents-in-suit and also issued Office Actions rejecting all challenged claims of two of the three patents-in-suit. Case No. 2:19-cv-225-JRG, Docket No. 205 at 2 (E.D. Tex. Nov. 23, 2020). Finding that the "potential for simplification will be more certain in time," the court denied Cisco's motion without prejudice because the PTO's rejections "are only preliminary" and no Office Actions had been issued regarding the third patent-in-suit. *Id.* at 3. "Therefore, while the *ex parte* reexams have the *potential* to simplify the issues in question and the trial of this case, such simplification is currently more speculative than factual." *Id.* at 4 (emphasis in original).

The same is true here. While Apple argues that simplification is certain because all of the asserted patents and claims are subject to some form of review, the court rejected that argument in *Ramot* by declining to grant a stay where the PTO had granted EPRs on all asserted claims of the patents-in-suit. And the PTO has yet to issue *any* preliminary Office Actions, let alone reject any of the asserted claims at issue in this case.

Apple argues that courts have recently stayed cases under "similar circumstances," pointing to the later *Ramot* order staying the case and a recent order in *AGIS Software Dev. LLC v. Google LLC*. Docket No. 629 (citing Case No. 2:19-cv-225-JRG, Docket No. 235 (E.D. Tex. Jan. 13, 2021); Case No. 2:19-cv-361-JRG, Docket No. 219 (E.D. Tex. Feb. 9, 2021)). But Apple

disregards significant differences between the circumstances of this case and the circumstances of *Ramot* and *AGIS*.

In *Ramot*, Cisco renewed its motion once the PTO had rejected all asserted claims of all three patents-in-suit. *Ramot*, No. 2:19-cv-225-JRG, Docket No. 235 at 2. Finding that the reexams had "now progressed past the point of speculation," the court granted a stay. *Id.* at 4. Such is not the case here. The PTO has merely granted reexamination of a portion of the asserted patents and has not issued any Office Actions. Docket No. 629 at 1. The *Ramot* orders further support denying a stay at this time where "[o]nly time will tell whether any of the [ten] asserted claims will remain, uncancelled and unmodified, after the [review] procedure[s]." Case No. 2:19-cv-225-JRG, Docket No. 205 at 3–4. And the circumstances of *AGIS* also differ significantly from this case. There the PTO issued Office Actions for all patents-in-suit that modified the priority date for each patent and stated that the parent patent anticipated and rendered obvious all challenged claims. Case No. 2:19-cv-361-JRG, Docket No. 219 at 3 (E.D. Tex. Feb. 9, 2021). Nothing of the sort has occurred in this case as of the date of this order. Apple's arguments that the likelihood of simplification favors a stay are unavailing. Accordingly, this factor weighs against a stay.

"Given the resources that the parties and the Court have already invested in this case, staying the case, based solely on speculation of what might possibly happen during reexamination, would be inefficient and inappropriate." *Soverain*, 356 F.Supp.2d at 663. Having considered the prejudice to Maxell, the speculative nature of any simplification of issues and advanced stage of the case, the Court finds that the relevant factors weigh against granting a stay at this time. Apple's motion to stay is accordingly **DENIED WITHOUT PREJUDICE** to refiling when "more is known definitively" regarding the review proceedings' ability to simplify the issues in this case. *Ramot*, No. 2:19-cv-225-JRG, Docket No. 205 at 4.

## II.  Apple's Motion for Continuance

Apple alternatively requests that the trial be continued until "later this year so that all participants who want one can get a COVID-19 vaccine." Docket No. 629 at 10.  Apple argues that the current state of the COVID-19 pandemic poses a safety risk to trial participants and would prejudice Apple's right to a full and fair trial. *Id.* at 10–15.  Maxell responds that the Court and parties are prepared to safely conduct trial at the end of March and that precautions are available to ensure the health and safety of trial participants.  Docket No. 636 at 12-14.  Maxell also notes that Apple has voiced its concerns regarding COVID-19 and trial safety for the first time in this motion when, statistically, COVID-19 risks were greater at the time of the two previous trial dates.  *Id.* 12–13.  For the reasons set forth below, Apple's motion for continuance is **DENIED**.

Courts in this district have begun to safely proceed with jury trials.  As Judge Gilstrap recently recognized, courts in the Eastern District are continuously adapting to the current landscape of public health and are attentive to the risks presented by COVID-19:

> While the COVID-19 pandemic presents serious public health concerns, the Court has diligently undertaken to put in place reasonable precautions in order to facilitate a full and fair trial, while maintaining the health and safety of those involved. The Court abides by the recommendations of the CDC, both in spirit and in substance, including implementing restrictions on access to the courthouse; providing guidance to counsel, witnesses, and members of the public who enter the courthouse; arranging frequent and recurrent sanitization of Courthouse facilities; and requiring all who enter the Courthouse to abide by CDC recommendations, including wearing a mask. These precautions help[] to ensure access to the just, speedy resolution of parties' disputes, while reasonably safeguarding the public health. This is particularly important given the unpredictability of the pandemic, and the need to provide parties access to the judicial system and corresponding resolutions to their disputes.

*Blitzsafe*, No. 2:19-cv-00378-JRG, Docket No. 285 at 2–3.  The Court has been consistently mindful of the safety of the parties, court staff and potential jurors, and will continue to do so in the future.  And the Court is open to accommodating further precautionary requests by the parties,

if any. *Id.* at 3. "The Court therefore finds that it is reasonably prepared to safely conduct the pretrial conference and jury selection." *Id.*

The prejudice to Maxell also cautions against a continuance. If the Court were to continue the trial date rather than grant a total stay of the case, Maxell's interest in the timely enforcement of its patent rights would still be prejudiced. *Blitzsafe*, No. 2:19-cv-00378-JRG, Docket No. 285 at 4. "[T]here are no assurances that the pandemic will have subsided or that the Court's trial schedule—already compacted and complicated by the pandemic—will permit trial of the present case" later this year. *Id.* And Apple's request that the trial be continued "until later this year when those trial participants who want to receive the COVID-19 vaccine have the opportunity to do so" presents a potentially indefinite interruption to the schedule in this case. Docket No. 629. Vaccine availability is locality-dependent and relies on multiple factors, including age and medical history. Further delay, especially one so indefinite, will plainly prejudice Maxell.

Apple contends that several of its expert and fact witnesses may not be able to attend the trial in person due to their age, health conditions or other COVID-19 related concerns. Docket No. 629 at 15. Having these witnesses testify via videoconference, Apple argues, "is no substitute for the face-to-face interaction that is only possible with witnesses present in the courtroom." *Id.* Apple also claims that COVID-19 concerns would impact the representativeness of the jury pool, affecting its right to a "full and fair trial." *Id.* Maxell responds that any prejudice that may result will be evenly distributed between the parties, as Maxell also has witnesses who may need to testify remotely. Docket No. 636 at 15.

The pandemic has required flexibility from courts and litigating parties across the country in adjusting to these challenging new conditions. This Court has consistently accommodated parties' precautionary requests and will continue to do so within reason. *See, e.g.*, *VirnetX Inc., et*

*al. v. Apple Inc.*, Case No. 6:12-cv-855-RWS, Docket No. 945 (E.D. Tex. Oct. 15, 2020) (permitting virtual testimony by live witnesses at trial); *Optis Wireless*, No. 2:19-cv-66-JRG, Docket No. 387 at 5–7 (same). As Maxell notes, witnesses for both sides may need to participate remotely, obviating Apple's concerns that it will be disproportionately impacted. Docket No. 636 at 15. And Apple provides no basis for its claims that a March jury trial would impact its due process rights other than to "speculate as to the worst case scenario." *Blitzsafe*, No. 2:19-cv-00378-JRG, Docket No. 285 at 5.

"Having weighed the precautions already in place, the prejudice to the parties and the availability of creative solutions to problems presented by the pandemic, the Court is persuaded that the [trial date] in the above-captioned case should be maintained. This determination is further bolstered by the unpredictability of the future state of the public health." *Blitzsafe*, No. 2:19-cv-00378-JRG, Docket No. 285 at 5.

## CONCLUSION

For the reasons stated above, Apple's motion to stay is **DENIED WITHOUT PREJUDICE** and Apple's motion to continue in the alternative is **DENIED**.

**SIGNED this 15th day of March, 2021.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE